George B. **GREENE**

v.

The **SINGER COMPANY**, a corporation of the State of New Jersey, Appellant.

No. 71–1835.

United States Court of Appeals, Third Circuit.

Argued Feb. 8, 1972.

Decided March 13, 1972.

Rehearing En Banc Denied May 10, 1972.

Dickinson R. Debevoise, Riker, Danzig, Scherer & Brown, Newark, N. J. (Winthrop, Stimson, Putnam & Roberts, and Brumbaugh, Graves, Donohue & Raymond, New York City, on the brief), for appellant.

David R. Simon, Simon & Allen, Newark, N. J. (Richard B. Goldsmith, Newark, N. J., on the brief), for appellee.

Before KALODNER, HASTIE and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

In the instant action for unfair competition, patent infringement and violation of the anti-trust laws, the defendant Singer filed a motion to prohibit Rankin A. Milliken, Esquire, the plaintiff's patent attorney, from assisting the plaintiff and his representatives, in the litigation in this case, on the ground that Milliken, while in the employ of Friden, Inc., which had been acquired by Singer in 1963, had been assigned by Friden to represent Greene in certain patent applications in 1964–1965, respecting devices which were the subject of an Agreement between Friden and the plaintiff.

In support of its motion, Singer contended that some of the patent applications handled by Milliken are involved in the instant action.

The District Court entered an Order on June 30, 1971, limiting the role of Milliken in his representation of Greene but not prohibiting him from acting as co-counsel for Greene. This appeal followed.

On review of the records we are unable to say that the District Court abused its permissible discretion in its Order.

The Order will be affirmed.

Before SEITZ, Chief Judge, and KALODNER, HASTIE, VAN DUSEN, ALDISERT, ADAMS, GIBBONS, MAX ROSENN and JAMES ROSEN, Circuit Judges.

## ON PETITION FOR REHEARING BEFORE THE COURT EN BANC

PER CURIAM:

The petition for rehearing filed by The Singer Company, a corporation of the State of New Jersey, appellant in the above entitled case, having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court en banc, the petition for rehearing is denied.

Circuit Judges VAN DUSEN, ADAMS and GIBBONS would grant the petition.

ADAMS, Circuit Judge, dissenting Sur Order Denying Petition for Rehearing.

I dissent from the denial of rehearing.

From 1962 until 1965, Rankin A. Milliken was employed as a patent attorney by the Friden division of the Singer Company. During the last year of that employment, among his other duties, Mr. Milliken was assigned to prosecute the patent applications of George B. Greene with whom the Friden division had entered into an agreement for the development of fluid logic systems. When Mr. Milliken left Friden, he became Greene's patent attorney.

Mr. Milliken was retained in the present litigation to assist plaintiff's counsel on the patent aspects of the case. It is undisputed that some of the patents involved in this suit were the subject matter of Mr. Milliken's job at Friden while he was prosecuting Greene's patent applications. Although the circumstances surrounding Mr. Milliken's departure from Friden and subsequent work for Mr. Greene are extremely complex and give rise to certain extenuating circumstances regarding his present representation, the Code of Professional Responsibility, EC4–5 makes clear that, "Care should be exercised by a lawyer to prevent the disclosure of confidences and secrets of one client to another, and no employment should be accepted that *might* require such disclosure." (emphasis added) (footnote omitted) This ethical consideration appears to have given status as a rule to ABA Opinion 165 (1936), which reads in part,

"[A]n attorney must not accept professional employment against a client

or a former client which will, or even may require him to use confidential information obtained by the attorney in the course of his professional relations with such client regarding the subject matter of the employment . . ."

In addition, the Standing Committee on Professional Ethics of the American Bar Association has stated:

"[T]he lawyer should avoid representation of a party in a suit against a former client, where there may be the appearance of a conflict of interest or a possible violation of confidence, *even though this may not be true in fact.*" Informal Opinion 885 at 3 (emphasis added). *See generally,* Drinker, Legal Ethics 103–129 (1953).

The case law is also clear that a serious question is raised whenever a lawyer ceases to represent a client and brings a lawsuit against that client. And when the suit against the former client deals, in any way, with a period of time when the lawyer was representing the erstwhile client or with a matter that was under consideration while the lawyer was employed by the previous client, the subject is even more grave.

As the Second Circuit noted in Consolidated Theatres v. Warner Bros. Circuit Management Corp., 216 F.2d 920 (2d Cir. 1954):

" * * * The former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client." *Id.* at 924, *citing,* T. C. Theatre Corp. v. Warner Bros. Pictures, Inc., 113 F. Supp. 265, 268 (S.D.N.Y.1953).

Thus serious doubts arise as to the propriety of Mr. Milliken's subsequent representation of Greene against Mr. Milliken's former client, Friden.

---

Because this case presents what appears to be a unique factual situation, and because an important question of legal ethics is implicated, I respectfully suggest that the court en banc should have considered the crucial issues involved. This would seem particularly appropriate at the present time when so many charges have been made concerning moral and ethical considerations affecting the bar.

Circuit Judges VAN DUSEN and GIBBONS join in this dissent.