**AMERICAN ROLLER COMPANY,**
**Appellee,**

**v.**

**William D. BUDINGER, an**
**Individual, et al.**

**Appeal of E. I. DU PONT de**
**NEMOURS & COMPANY.**

**No. 74–1965.**

United States Court of Appeals,
Third Circuit.

Argued Feb. 12, 1975.

Decided April 14, 1975.

Philip H. Strubing, Jon A. Baughman, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellant.

Granger Cook, Jr., Raymond P. Niro, Hume, Clement, Brinks, Willian, Olds & Cook, Ltd., Chicago, Ill., John B. Martin, Martin A. Heckscher, Duane, Morris & Heckscher, Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and ALDISERT and GARTH, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

■ This is an appeal from an order denying a motion of defendant-appellant, E. I. Du Pont de Nemours and Company ("Du Pont"), for the disqualification of attorneys representing plaintiff American Roller Company ("American Roller") in a suit against Du Pont, William Budinger ("Budinger") and Rodel, Inc. ("Rodel"). In accordance with prior decisions in this circuit, we find the order to be appealable under 28 U.S.C. § 1291 (1970). *See* Richardson v. Hamilton Int'l Corp., 469 F.2d 1382, 1383 fn. 1 (3rd Cir. 1972), cert. denied, 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973); Greene v. Singer Co. (Civil No. 71–1835, 3d Cir. filed Nov. 2, 1971).

## I.  Factual Background

This suit is actually an offshoot of an earlier action filed in the Northern District of Illinois ("the Chicago action") by Rodel and Budinger, defendants herein, against American Roller. The complaint in that action charged American Roller with infringement of two patents owned by Budinger and licensed to Rodel ("the Budinger patents"). The patents describe a process for making a roller used to remove printing blemishes by which a fiber sleeve is attached to a roll core and then impregnated with a binder to fill its pores. On October 2, 1972, American Roller joined Du Pont as a third party defendant in the Chicago action. The suit was dismissed on January 29, 1973, pursuant to plaintiff's voluntary notice of dismissal.

American Roller then went on the offensive and on March 20, 1973, filed its complaint in this action naming Rodel, Budinger and Du Pont as defendants. The plaintiff sought a declaration either that the two Budinger patents were invalid or that they were owned not by Budinger but by Du Pont and/or others. If the patents were found to be valid and owned by Du Pont, plaintiff sought a declaration that it had an implied license to practice the subject matter of the patents. If Du Pont was found not to be the owner, plaintiff sought a judgment against Du Pont for misrepresentations and/or breach of implied warranties in Du Pont's sale to plaintiff of "Corfam," a material specified in the patents as at least one suitable covering for the roller and a material used by plaintiff in manufacturing printing rollers.

On July 15, 1973, Du Pont filed a motion to disqualify plaintiff's attorneys and their law firm from further involvement in the case and for other collateral relief. The basis of the motion was that one of plaintiff's attorneys, Raymond P. Niro, had worked for Du Pont for 3½ years during which time he had prepared

and prosecuted a number of patent applications pertaining to "Corfam" materials. Du Pont contended that Niro's knowledge of "Corfam" technology was closely related to the issues in the case and that his exposure to confidential Du Pont information relating to "Corfam" made it ethically improper for him to represent an interest adverse to Du Pont. On the basis of the complaint and affidavits filed by the parties, and after hearing oral argument, the district court denied the motion by written opinion filed July 26, 1974.

It appears from the record that from January 1, 1966, to July 31, 1969, Mr. Niro was in fact a member of Du Pont's legal office working in the patent field. He was employed at Du Pont's Washington, D. C., office and worked first as a patent trainee and later as a registered patent agent before the United States Patent Office. Although he was attending law school at night during this period, Mr. Niro did not receive his law degree until after he left Du Pont and was not admitted to the bar until May 1970.

As a patent agent employed by Du Pont, Mr. Niro prepared and filed seventeen patent applications and prosecuted a total of twenty-four applications dealing with "Corfam" poromeric material. However, the Budinger patents were not filed until after Mr. Niro left Du Pont's employ, and Du Pont has not challenged his sworn statement that he was never exposed to any Du Pont material relating to printing rollers, never met Budinger and was never assigned any work relating to Budinger.

## II. The Ethical Question: Substantial Relationship

■■ Canon 4 of the Code of Professional Responsibility imposes upon an attorney an obligation to preserve the confidences and secrets of one who

has employed him and extends this obligation beyond termination of the employment. Indeed, an attorney is prohibited from accepting a subsequent representation where there "may be the appearance of a possible violation of confidences" even though this may not be true in fact. ABA Committee on Professional Ethics, Informal Opinion No. 885 (1965). Courts have enforced these precepts by requiring disqualification of counsel where it appears that the subject matter of a pending suit in which the attorney represents an interest adverse to a prior employer is such that during the course of the former representation the attorney "might have acquired substantially related material." Richardson v. Hamilton Int'l Corp., *supra*, 469 F.2d at 1385; T. C. Theatre Corp. v. Warner Bros. Pictures Inc., 113 F.Supp. 265 (S.D.N.Y. 1953). All parties agree that this is the test to be applied in this case.

In approaching the question of whether ethical considerations required Mr. Niro's disqualification,[1] the district court analyzed the complaint and applied the "substantially related" test to Counts III, IV and V, which relate directly and solely to Du Pont. The court concluded that Mr. Niro's work for Du Pont bore no meaningful relationship with the subject matters of those counts, which assume the validity of the Budinger patents and seek relief against Du Pont on theories of misrepresentation, implied warranties and implied license arising from Du Pont's sale of "Corfam" to American Roller for use as a covering for printing rollers.

■ We agree that Mr. Niro's prior employment, which in no way related to printing rollers, to William Budinger or to "Corfam" sales, did not give rise to any real possibility that he might have

1. Because it has not been challenged on appeal, we assume the correctness of the district court's determination that Mr. Niro is bound by the obligation of confidentiality imposed by Canon 4 for activities occurring prior to his admission to the bar. This finding was based on the fact that the Rules of Practice of the United States Patent Office in effect at the time Mr. Niro appeared before that office required patent agents to "conform to the standards of ethical and professional conduct generally applicable to attorneys before the courts of the United States." 37 C.F.R. § 1.344 (1967).

acquired confidences substantially related to the subject matter of Counts III, IV and V. We therefore affirm the district court's refusal to disqualify Mr. Niro based on the subject matter of those counts.

■ The district court failed, however, to apply the substantial relation test to Counts I and II of the complaint. Count I, while alleging that Du Pont and/or others own the patents, charges, *inter alia*, that the Budinger patents are invalid because of their failure to meet the statutory requirements that the subject matter of a patentable invention must be novel and must describe non-obvious subject matter. *See* 35 U.S.C. §§ 102, 103 (1970). Count II is pitched primarily on the theory that Du Pont is the owner of the patents, apparently on the ground that the inventions claimed in the patents were subject to an employment agreement between Budinger and Du Pont which required Budinger to assign to Du Pont all inventions conceived during his employment. Despite these allegations the district court was of the view that American Roller's claims against Du Pont did not "directly relate" to the validity of the patents.

We find the district court's conclusion as to Count I and II to be in error. In our view, the allegations in the complaint that Du Pont is the owner of the patents and that the patents are invalid gives Du Pont a sufficient interest in their validity to require that it be given the right to participate in defending the patents during the course of the litigation.[2] This right is essential since a determination of invalidity would be binding upon Du Pont and would vitiate the ownership interest which plaintiff has alleged to exist in Du Pont in those patents. In our opinion, this potentially adverse consequence gives Du Pont the right to seek disqualification of Mr. Niro from participation in the attack on the patents. We therefore feel that Du Pont was entitled to a determination by the district court of the relationship between Mr. Niro's former employment with Du Pont and the subject matter of the patents.[3]

Under the view which it took of the case, the district court found it unnecessary to make any determination with respect to the effect of the prior technology of "Corfam" or of impregnated "Corfam" on the validity of the Budinger patents. Although the court was correct in thus avoiding a mini-determination of the merits of the patent challenge, it should at least have determined whether these matters will be placed in issue on the patent challenge. The court's failure to make such a determination has meant that even on appeal the parties have been unable to agree on the nature of the issues which will arise when American Roller's attack on the Budinger patents is fully launched. For example, it is Du Pont's contention that the prior art as to impregnated "Corfam" will be an important aspect of the attack on the patents. If this is true, Du Pont urges that Mr. Niro's work in this field, and particularly his prosecution for Du Pont of the American equivalent of a Canadian patent owned by E. H. Pagliaro describing a polyurethane impregnated "Corfam," gave rise to confidences which

---

2. Although there is no direct assertion by Du Pont in the record that it claims ownership of the patents, we assume that Du Pont will claim title to the patents during the relevant time period. Otherwise there is presumably no ground on which it may seek to disqualify Mr. Niro based on the subject matter of Counts I and II.

3. The failure to consider Counts I and II would require reversal of the district court's denial of Du Pont's motion even if an "abuse of discretion" standard were applied. *See* Richardson v. Hamilton Int'l Corp., *supra*, 469 F.2d at 1386; Greene v. Singer Co., 461 F.2d 242 (3rd Cir.), cert. denied, 409 U.S. 848, 93 S.Ct. 54, 34 L.Ed.2d 89 (1972). We have serious reservations, however, whether our scope of review is limited to finding an abuse of discretion in disqualification cases such as this. It appears that in issue in these cases is the purely legal question of whether two allegedly adverse representations are so intertwined that it can be said that in the former representation the attorney "might have acquired" material "substantially related" to the subject matter of the second representation. Determination of that question leaves little leeway for the exercise of discretion.

might be violated during the course of his representation of American Roller.

American Roller contends, however, that the subject matter of the Budinger patents and thus of Counts I and II of the complaint is not related to the technology of "Corfam" or even if impregnating "Corfam" but solely the *application* of "Corfam" to printing rollers as a covering. If this assertion is valid, then Mr. Niro's exposure to "Corfam" technology including its impregnation with a binder may not bear in any material manner on the validity of the patents. If, however, there is a substantial relationship between Mr. Niro's prior work and the subject matter of the Budinger patents, American Roller's further contention that its attorneys have relied solely on information available to the public in preparation of this case would be unavailing. Such a fact would not remove the possibility that Mr. Niro was exposed to other confidential material at Du Pont that may ultimately bear on this litigation. *See* Emle Industries v. Patentex, Inc., 478 F.2d 562 (2d Cir. 1973). It is the possibility that confidences might be breached and not the fact of their disclosure or use that dictates disqualification once a substantial relationship between two representations has been established.

Because the district court did not address itself to the connection between Mr. Niro's work for Du Pont and the subject matter of the patents, we are unable to decide the question of disqualification on the record before us. It is necessary, therefore, that the case be remanded for further proceedings in the district court in order that the court may undertake the tasks of determining (1) the scope of the issues likely to arise during the course of the challenge to the validity of the patents and (2) whether the matter to which Mr. Niro was exposed while at Du Pont is "substantially related" to those issues.[4] Any further proceedings should not, however, involve a preliminary determination of the merits of the patent challenge but should be limited to a definition of the questions in which Mr. Niro might be involved in litigation with respect to the question of the validity of the Budinger patents.

The order of the district court will be vacated and the case remanded for further proceedings consistent with this opinion.

ALDISERT, Circuit Judge (dissenting).

I agree with the reasoning of the majority with respect to Counts III, IV and V. I do not agree that we should require the district court, at this time, to conduct further proceedings into the subject matter of Counts I and II.

The majority candidly recognize that their position is somewhat less than certain:

> Although there is no direct assertion by Du Pont in the record that it claims ownership of the patents, *we assume* that Du Pont will claim title to the patents during the relevant time period. Otherwise, there is presumably no ground on which it may seek to disqualify Mr. Niro based on the subject matter of Counts I and II.

(Majority Opinion at 985, n.2). (Emphasis added).

At this time Du Pont's relationship to the subject matter of these counts is, at best, speculative. Only when, and if, it makes a timely assertion of rights to the patents should we place upon the district court the duty to consider the subject matter of Counts I and II.

I would affirm the judgment of the district court.

---

**4.** We do not treat the question of whether Mr. Niro should be limited in participating other than as a witness in any further proceedings on the disqualification motion. If this becomes a matter of moment, the question may be addressed to the district court at the appropriate time. Likewise, we express no opinion on the extent of relief to which Du Pont would be entitled should it prevail on its motion after remand.