550 F.2d 888
 Daniel KREDA, on behalf of himself and all others similarly
situated, and Derivatively on behalf of Fisco, Inc.
v.
William RUSH et al.
Appeal of William A. F. SMITH (two cases).
Alfred MILLER, on behalf of himself and all others similarly
situated, and Derivatively on behalf of Fisco, Inc.
v.
FISCO, INC., et al.
 Nos. 76-1406, 76-1407.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 29, 1976.
Decided Feb. 18, 1977.
 
 J. Grant McCabe, III, Robert E. Noonoo, John P. Yetman, Jr., Henry H. Janssen, Philadelphia, Pa., for appellant; Rawle & Henderson, Philadelphia, Pa., of counsel.
 Henry W. Sawyer, III, Joseph C. Bright, Jr., Drinker, Biddle & Reath, Philadelphia, Pa., for appellees Rush, Greenfield, Fisco, Inc., Acme Assurance Agency, Inc., Gateway Insurance Co., Reilly, Massaniso, Connolly, Looney, Rinck and Zeiler.
 Donald A. Scott, Joseph A. Torregrossa, Morgan, Lewis & Bockius, Philadelphia, Pa., for appellees Weinstein, Zalinski, Brody, Maes, Roberts, Miller and Weinstock.
 Before KALODNER, ROSENN and GARTH, Circuit Judges.
 OPINION OF THE COURT
 KALODNER, Circuit Judge.
 
 
 1
 This appeal is from the district court's Order of February 3, 1976, denying appellant's motion to disqualify and strike the appearance of the law firm of Drinker, Biddle & Reath in these actions.[1] No opinion was filed by the district court.
 
 
 2
 The Miller and Kreda suits are class and derivative actions instituted by shareholders of Fisco, Inc. against Fisco, its subsidiaries, officers, directors, accountants, and underwriters. Drinker, Biddle & Reath was retained in February 1974, at the start of the litigation, to represent the Fisco defendants. Appellant William A. F. Smith, as a Fisco vice-president and a named defendant in Kreda,[2] was represented originally by Drinker, Biddle & Reath. In September 1974, an attorney from this law firm interviewed Smith in preparation for his appearance before the Securities and Exchange Commission which was investigating the financial collapse of Fisco, Inc.
 
 
 3
 During the course of the S.E.C. testimony, a potential conflict between Smith and another Fisco officer was indicated and both Smith and the Drinker, Biddle & Reath attorney accompanying him agreed that Smith should obtain separate counsel. On November 15, 1974, Drinker, Biddle & Reath withdrew its appearance for Smith.
 
 
 4
 On May 15, 1975, Smith's present attorneys entered an appearance on his behalf. Appellant's motions to disqualify the Drinker firm in both the Miller and Kreda cases were filed on October 15, 1975.[3] He alleged that his interests have become "hopelessly in conflict with those of the parties now represented by" Drinker, Biddle & Reath and contended that the firm, having once represented him in this litigation, should be disqualified. The appellant based his disqualification motion on the Code of Professional Responsibility promulgated by the American Bar Association. Pertinent to this appeal are Canons 4, 5, and 9, and the Ethical Considerations and Disciplinary Rules thereunder: "A lawyer should preserve the confidence and secrets of a client." Canon 4. "A lawyer should exercise independent professional judgment on behalf of a client." Canon 5. "A Lawyer should avoid even the appearance of professional impropriety." Canon 9.[4] The district court denied these motions on February 3, 1976, and Smith took this appeal.
 
 
 5
 The district court under its standard that an attorney should be disqualified if he may have acquired material that is substantially related to his disputed representation in the course of a prior employment, has the primary duty to examine questions of professional responsibility and to supervise the conduct of the members of its bar. Richardson v. Hamilton International Corp., 469 F.2d 1382 (3d Cir. 1972), cert. denied, 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973). See Gas-A-Tron of Arizona v. Union Oil Co. of California, 534 F.2d 1322 (9th Cir. 1976), cert. denied sub nom. Shell Oil Co. v. Gas-A-Tron of Arizona, 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976); Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.,518 F.2d 751 (2d Cir. 1975); Hull v. Celanese Corp., 513 F.2d 568 (2d Cir. 1975). After review and determination by the district court, the Court of Appeals may then examine the record to determine whether the district court judge has properly exercised his discretion. See Akerly v. Red Barn System, Inc., 551 F.2d 539 (3d Cir. 1977); Kramer v. Scientific Control Corp.,534 F.2d 1085 (3d Cir. 1976); Kroungold v. Triester, 521 F.2d 763 (3d Cir. 1975); American Roller Co. v. Budinger, 513 F.2d 982 (3d Cir. 1975); Greene v. Singer Co., 461 F.2d 242 (3d Cir.), cert. denied, 409 U.S. 848, 93 S.Ct. 54, 34 L.Ed.2d 89 (1972).
 
 
 6
 In the instant case the district court denied the appellant's motion to disqualify the law firm of Drinker, Biddle & Reath without any specification as to the basis of that denial. That being so we are without basis for review of the district court's disposition. Goode v. Rizzo, 506 F.2d 542, 549 (3d Cir. 1974), reversed on other grounds, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Groh v. Brooks, 421 F.2d 589, 595 (3d Cir. 1970); O'Neill v. United States, 411 F.2d 139, 146 (3d Cir. 1969); Shahmoon Industries, Inc. v. Imperato, 338 F.2d 449, 452 (3d Cir. 1964).
 
 
 7
 The cause will be remanded to the district court with directions to specify the reasons on which its disposition is premised so as to inform the parties and facilitate review.
 
 
 8
 The court will retain jurisdiction of this appeal.
 
 
 
 [1]
 The Order of the district court reads in pertinent part:
 "And Now, this 3rd day of February, 1976, the motion of William A. F. Smith to disqualify and strike the appearance of the firm of Drinker, Biddle & Reath, its partners and associates in the above entitled actions, is Denied and Dismissed."
 
 
 [2]
 Smith is not now and never was a party in the Miller action
 
 
 [3]
 During the spring of 1975, two other cases were commenced in the United States District Court for the Northern District of Illinois. These cases, direct securities actions brought against essentially the same defendants (including Appellant Smith) were transferred to the Eastern District of Pennsylvania where the related Miller and Kreda cases were already pending, pursuant to 28 U.S.C. § 1404. None of the four cases have been formally consolidated. Drinker, Biddle & Reath again represents the Fisco defendants. Motions to disqualify the law firm in these two cases were filed on December 1, 1975. The district court has not yet entered an order on these motions. Fein, et al. v. Fisco, Inc., et al., No. 75-2866 (docketed April 3, 1976); Fein, et al. v. Fisco, Inc., et al., No. 75-2867 (docketed June 17, 1975)
 
 
 [4]
 Local Rule 11 of the United States District Court for the Eastern District of Pennsylvania provides, "The canons of ethics of the American Bar Association as now existing shall be and as hereafter modified shall become standards of conduct for attorneys of this Court."