November 10, 1977

## 77–64  MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, ANTITRUST DIVISION

### Participation of Antitrust Division Attorney in "Armored Car" Cases

This is in response to your request for the opinion of the Office of Legal Counsel on whether there would be any conflict of interest involved in the assignment of a named (Mr. G) attorney in your Division to work on several antitrust matters involving armored car companies, apparently including Wells Fargo. Two of the matters are criminal antitrust cases, one is a civil case, and the fourth is a grand jury investigation. We see no objection to Mr. G's participation.

It appears that Mr. G was formerly an associate with a law firm from September 1974 through March 1977, and that the law firm was previously general counsel for Wells Fargo, but that he "never had any occasion to work on or indeed, to be made aware of any matter in any way connected with the firm's representation of Wells Fargo." Wells Fargo took the position that in view of the law firm's prior position as a general counsel for Wells Fargo, no member of the firm could properly be involved in the representation of any company or individual called before any grand jury investigating possible violations in the armored car industry. The law firm ultimately acquiesced in this view.

However, apparently before the law firm had agreed to decline all representation of companies or individuals connected with the grand jury investigation, a member of the law firm was contacted concerning the possibility of his representing an individual who had been subpoenaed before the armored car grand jury. At the request of the member, Mr. G contacted your division to obtain information about procedural aspects of compliance with the subpoena, such as the date the grand jury was empanelled, whether evidence had been presented before a previous grand jury in the matter, the filing of letters of authority and oaths of office, where subpoena returns were filed, and whether the names of companies and individuals subpoenaed to appear could be obtained. He reported the substance of that conversation to the particu-

lar member of the law firm and had no further contact with the case. Several days later, he was told that because of the firm's prior representation of Wells Fargo, the firm could not represent the individual.

Based on these facts, it is our view that there would be no actual or apparent impropriety involved in Mr. G's participation in the armored car cases.

The applicable standards are contained in the American Bar Association (ABA) Code of Professional Responsibility, to which all Justice Department attorneys are subject. *See* 28 CFR 45.735-1(b). Canon 4 of the Code requires an attorney to preserve the confidences of a client. Although a lawyer violates this provision only if he actually breaches the confidential relationship, many courts have held that in order to protect the confidentiality of the relationship, a lawyer is disqualified from representing a party in a matter "substantially related" to the subject matter of a prior representation in which he may have obtained confidential information. *See, e.g., American Roller Co.* v. *Budinger,* 513 F. 2d 982, 984 (3d Cir. 1975); *Emle Industries, Inc.* v. *Patentex, Inc.,* 478 F. 2d 562, 570–71 (2d Cir. 1973); *American Can Co.* v. *Citrus Feed Co.,* 436 F. 2d 1125 (5th Cir. 1971). *See also* ABA Formal Opinion 342, 62 A.B.A.J. 517.

We may assume that the law firm's earlier representation of Wells Fargo was in matters "substantially related" to the armored car cases, so that attorneys who actually worked on Wells Fargo matters would be barred from all involvement in those cases. But this does not necessarily mean that Mr. G is disqualified. The courts have declined to impute all confidential information received in a law firm to all persons in the firm. Where the individual involved was merely an associate in the law firm and had no connection with the matters in question, the individual is not barred under Canon 4. *See, e.g., Gas-A-Tron* v. *Union Oil Co.,* 534 F. 2d 1322 (9th Cir. 1976); *Silver Chrysler Plymouth, Inc.* v. *Chrysler Motors Corp.,* 518 F. 2d 751, 756–57 (2d Cir. 1975).

Nor do we believe that Mr. G is barred by virtue of his limited inquiries to your Division. First, it appears that the law firm declined the requested representation; we would be reluctant to find disqualification under Canon 4 on the basis of only a fleeting association with a case that was soon declined. Second, even assuming that the firm may have received some confidential information in connection with the preliminary inquiry about its handling of the case, it does not appear that any such information was imparted to Mr. G. He states that it is his recollection that he was never told the identity of the client, and he does not now even recall the name of the New York attorney who contacted the firm. Mr. G merely obtained information from your Division about the grand jury investigation generally and relayed it to

the firm. This type of peripheral involvement does not, in our view, give rise to disqualification under Canon 4. *See, Silver Chrysler Plymouth, Inc.* v. *Chrysler Motors Corp., supra,* at 756–57.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
