## CIRCUIT COURT OF THE CITY OF RICHMOND

National Sliding Door Frame Co.

v.

G. Wesley Young, Jr., et al.

April 12, 1979

Case No. G-2141-3

By JUDGE WILLARD I. WALKER

The plaintiff in this action seeks to disqualify the law firm of Obenshain, Hinnant, Dolbeare & Beale from their representation of the defendants. This motion is based upon the fact that Mr. Hinnant of the law firm of Obenshain, Hinnant, Dolbeare & Beale did, on a prior occasion, represent the predecessor corporation to the plaintiff as its counsel. Mr. Dolbeare is now attempting to represent the interest of the defendants in this action, they being former employees of the plaintiff. It is a fact that there has been a change in the ownership of the plaintiff. Prior to November 5, 1976, the plaintiff was known as National Sliding Door Frame Incorporated, and it was in this name that this business entity was represented by Mr. Hinnant. On November 5, 1976, the stock of this corporation was purchased by Massey, Wood & West, and the plaintiff now exists as a division of Massey, Wood & West. The court has already ruled and reaffirms that this shift in the corporate ownership has no impact upon the court's ruling on the motion to disqualify.

The defendants maintain that the representation by Mr. Hinnant of the plaintiff corporation in the past was perfunctory, at best; that Mr. Hinnant was not in possession of any facts or knowledge which would compromise his representation of the defendants in this action;

and that he, likewise, had no access, in reality, to any information that would be prejudicial to the interest of his former client by his representation of the defendants.

Without reciting all of the factual recitations that are incorporated in the memoranda of counsel, as well as revealed in the record, there is ample evidence to support the conclusion that by virtue of his representation of the plaintiff in the past, Mr. Hinnant had access to information in the possession of his then client that could compromise that client's position in this law suit were that information actually obtained by him. In view of the ruling of the court, the fact that he may or may not have actually gained access of the information, and the fact that he may or may not be using that information in the present law suit, is immaterial. The information that Mr. Hinnant had access to is germane to the subject matter of this law suit. I believe this case is controlled by the decisions in the following cases. *American Roller Co.* v. *Budinger*, 513 F.2d 982 (3d Cir. 1975); *Richardson* v. *Hamilton International Corp.*, 469 F.2d 1382 (3d Cir. 1972), *cert. denied*, 411 U.S. 986 (1973); *Alpha Investments Co.* v. *City of Tacoma*, 536 P.2d 674 (Wash. App. 1975); *Novo Terateutisk Laboratorium* v. *Baxter Travenol Laboratories*, 78-1180 (U.S. Ct. App. 7th Cir.).

While I am not prepared to go as far as the irrebuttable presumption rule laid down in *Novo* that would irrebuttably presume that confidential information would have been in the possession of the former attorney, I do feel that it is the appearance of impropriety and the access to information that controls, rather than the actuality of the information obtained.

In this era of consumerism where more and more attention is being focused upon the acts of the legal profession, and more and more is being expected of lawyers, it seems to be that as a matter of public policy the strict rule should be enforced as to actual and apparent conflicts of interest.

Accordingly, I sustain the motion of the plaintiff that the law firm of Obenshain, Hinnant, Dolbeare & Beale be disqualified from representation of the defendants in this action.

In thus ruling, the court wishes to make it clear that it makes no finding nor any intimation that there

is any actual impropriety being engaged in by Mr. Dolbeare or by any member of his law firm. Quite to the contrary, the record would not suggest that such a situation exists. This ruling is not based upon any concept of wrongdoing or impropriety on the part of the law firm but rather upon public policy considerations of what the appearance of propriety should be in matters involving the representation of clients.