## Kauffman v. Pennsylvania National Mutual Casualty Insurance Company

*Jay Harris Feldstein,* for plaintiff.
*Donald W. Bebenek,* for defendant.

FINKELHOR, *J.,* November 10, 1983—This matter is before the court on the petition of defendant, Pennsylvania National Mutual Casualty Insurance Company, for a rule to show cause why plaintiff's counsel should not be disqualified under Canons 4, 5 and 9 of the Code of Professional Responsibility. The issue is whether an attorney, who had previously been employed by counsel for defendant's re-insurer as a medical/rehabilitative consultant on plaintiff's case, should be disqualified from representing plaintiff in an action against the insurance carrier.

Defendant also seeks to disqualify plaintiff's current counsel, Jay Harris Feldstein, on the basis of his referral by the initial counsel. An order was issued November 10, 1983, granting the petition as to Stephen Epstein and dismissing the rule as to Jay Harris Feldstein. Defendant requested a rehearing and amendment of the court's order and argument was held before the court.

This matter has been before the court for argument on three occasions but neither Feldstein nor Epstein have been deposed and the issue has proceeded on petition and answer. The case in chief is presently set for trial on the March trial list.

In order to determine whether there is a violation of the Code of Professional Responsibility, the facts of the petition are briefly summarized.

Plaintiff, Kyle Kauffman, was rendered a quadriplegic as a result of an automobile accident which occurred on March 12, 1976. The vehicle, in-

volved in the accident and operated by plaintiff's mother, was insured by a policy issued by defendant carrier. Pursuant to its obligations under the no-fault policy of insurance, defendant made payments to plaintiff for medical and rehabilitative services rendered to plaintiff. In addition, PNI consulted with its reinsurer, American Reinsurance Company, and, on the recommendation of the reinsurer, PNI contacted the law firm of Golman & von Bolschwing (Golman) of Danville, California, to guide them as to the proper and appropriate medical and rehabilitative needs of plaintiff.

Stephen Epstein, himself a quadriplegic, was employed by Golman in a non-legal capacity but he provided consultation services on the needs of paraplegics. From the facts presented to the court, it is not clear whether Stephen Epstein was himself an attorney at this time. Epstein met with plaintiff and her parents on several occasions in his capacity as consultant and a close personal relationship developed between the Epstein and Kauffman families. This relationship continued after Epstein ceased to provide services to PNI. The pleadings do not indicate when Epstein enrolled at law school.

In 1981, plaintiff and defendant were unable to agree on the appropriate maintenance and rehabilitation needs of plaintiff. At this juncture, Kyle contacted Epstein, now a Florida attorney, for the purpose of assisting her in her negotiations with PNI. Epstein contacted Jay Harris Feldstein (Feldstein), plaintiff's Pennsylvania counsel, for assistance in drafting and negotiating a proposed settlement of the case. When negotiations with the carrier failed, Feldstein filed the instant action for no-fault benefits and alleged fraud and breach of the fiduciary relationship by the insurer. Epstein is not listed as a counsel of record in the proceedings before the

court. In addition, there is no testimony or affidavits as to any information given by Epstein to Feldstein and his firm. No depositions were taken of Mr. Epstein or Mr. Feldstein to amplify the facts set forth in the petition and answer. See deposition of Robert Smith.

Thus, the question before the court is whether either Mr. Epstein or Mr. Feldstein or the law firm of Feldstein, Grinberg, Stein & McKee have a conflict of interest which would necessitate their withdrawal from the case.

## DISCUSSION

Under the Code of Professional Responsibility cited by defendant, Canon 4 requires a lawyer to preserve the confidences of his client and to refrain from representing conflicting interests except by express consent of all concerned. This obligation continues after termination of employment and includes the duty to exercise reasonable care to prevent his employees, associates and others whose services are utilized by him from disclosing or using confidences or secrets of a client. [D.R. 4-101(d)] The duty to preserve confidences prohibits an attorney from participating in an action against a former client in substantially related matters. American Roller Company v. Budinger, 513 F.2d 982 (3d Cir. 1975).

In Slater v. Rimar, 462 Pa. 138 at 338 A.2d 584 at 590 (1975) the Pennsylvania Supreme Court stated:

"Although disqualification and removal is appropriate in cases in which representation of conflicting interests is shown, it is, of course, a serious remedy which must be imposed with an awareness of the important interests of a client in representation by counsel of the clients choice."

It is the duty of the court to:

" . . . preserve a balance, delicate though it may be, between an individual's right to his own freely chosen counsel and the need to maintain the highest ethical standards of professional responsibility. This balance is essential if the public's trust in the integrity of the Bar is to be preserved." Emle Industries, Inc. v. Patentex, Inc., 428 F.2d 562 (2d Cir. 1973).

In order to disqualify an opponent's attorney due to a conflict of interest, it must be shown that: (1) a prior attorney-client relationship existed; and (2) the matters involved in the prior representation are substantially related to those involved in the present representation. Pennsylvania Power & Light Co. v. Gulf Oil Corp., 36 Leh.L.J. 461, 74 D.&C.2d 431 (1975).

In the instant case, it is apparent that no attorney-client relationship existed between Epstein and PNI as a result of his performing non-legal consultation services in plaintiff's case. Aside from the general recommendation that PNI enter into a structured settlement with plaintiff after her 18th birthday, it does not appear that he represented defendant in any legal capacity. To the contrary, it appears that he was used by PNI not for expertise as an attorney, but because of his experience as a quadriplegic (Smith Deposition). As such, he was not privy to any legal strategy but was concerned chiefly with the medical records and needs of plaintiff and his own observations. However, under Canon 9 which provides that a lawyer should avoid even the appearances of professional impropriety, we believe that Mr. Epstein should not participate in the trial of the case.

As to Mr. Feldstein, there is lacking even the scintilla of relationship found in the Epstein allega-

tions. Mr. Feldstein's only fault was that he accepted a case referred to him by another lawyer. The allegations against Mr. Feldstein could apply to any attorney accepting the referral of a client from a lawyer who sought to disqualify him or herself and offends the right of a party to have effective counsel of their choice.*

The court has heard argument on three occasions in this matter and cannot find any viable relationship between Mr. Feldstein and defendant nor do we believe that Mr. Epstein's information can be imputed to Mr. Feldstein.

Based upon the above discussion, an order has been issued in this case denying defendant's request for amendment of the court's order of November 10, 1983, to disqualify Mr. Feldstein or, in the alternative, to certify this matter for appeal. While we believe that the issue involved is important, we cannot say in good faith that this is a case of first impression and for that reason, we have not certified the matter for appeal.

Copies of the orders of court are attached hereto.

## ORDER OF COURT

And now, this November 10, 1983, upon the petition of defendant Pennsylvania National Mutual Casualty Insurance Company to disqualify plaintiff's counsel Stephen Epstein and Jay Harris Feldstein and Feldstein, Grinberg, Stein & McKee in these proceedings and it appearing to the court that this

---

*The recent Pennsylvania Supreme Court case in City of Philadelphia v. District Council 33 et al., No. 72 E.D. Appeal Dkt. 1983, reviews the standards of disqualification of counsel under Canon 9 of the Code of Professional Responsibility. While counsel was found to have a conflict of interest, the facts are distinctly different than the instant case.

matter is governed by Canon 9 of the Code of Professional Responsibility, it is hereby ordered, adjudged and decreed that said petition is granted as to Stephen Epstein and denied as to Jay Harris Feldstein and the law firm of Feldstein, Grinberg, Stein & McKee.

## ORDER OF COURT

And now, this February 1, 1984, upon the petition of defendant for rehearing or amendment of the order of this court filed November 10, 1983, and after reargument before the court, it is hereby ordered, adjudged and decreed that said petition for amendment is denied and the order of November 10, 1984, attached hereto, be and shall govern the proceedings.

It is further ordered that Stephen Epstein, Esq., shall not participate in the trial of this case nor may he serve as consultant to Jay Harris Feldstein, Esq., or the firm of Feldstein, Grinberg, Stein & McKee, counsel for plaintiff.