**In re UNITED UTENSILS CORP. a/k/a Utensco, Debtor.**

**Thomas P. AGRESTI, Trustee, Plaintiff,**

**v.**

**Alan ROSENKRANZ, Defendant.**

**Thomas P. AGRESTI, Trustee,**

**v.**

**Norman ROSENKRANZ Individually and d/b/a Noro Industrial Equipment, Defendant.**

**Thomas P. AGRESTI, Trustee, Plaintiff,**

**v.**

**Louis ROSENKRANZ, Defendant.**

**Thomas P. AGRESTI, Trustee, Plaintiff,**

**v.**

**Gerald GLASSER, Defendant.**

**Bankruptcy No. 90–00757E.**
**Adv. Nos. 91–0126, 91–0128, 91–0129 and 91–0137.**

United States Bankruptcy Court, W.D. Pennsylvania.

June 15, 1992.

Thomas P. Agresti, Erie, Pa., Trustee.

Lawrence C. Bolla, Erie, Pa., for Trustee.

Seymour A. Sikov, Pittsburgh, Pa., for defendants.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

The within Adversary Proceedings were filed by Lawrence C. Bolla, Esq. ("Bolla") of the law firm of Quinn, Gent, Buseck & Leemhuis, Inc. ("Quinn Firm") on behalf of Thomas P. Agresti, Esq. ("Trustee" or "Agresti"), the Chapter 7 Trustee in this bankruptcy case.

Presently before the Court are Motions on behalf of each of the Defendants to disqualify Bolla and the Quinn Firm from representing the Trustee and for dismissal of the Complaints due to the prejudice or potential prejudice caused the Defendants by an alleged conflict of interest and breach of confidential relations by Bolla and the Quinn Firm (the "Motions").

### Factual Background

United Utensils Corp. also known as Utensco ("Utensco" or "Debtor") filed its voluntary Petition under Chapter 11 of the Bankruptcy Code on October 15, 1990. Bolla and the Quinn Firm served as counsel for the Debtor.

The Debtor remained in possession until January 16, 1991 when Agresti was appointed as Chapter 11 Trustee. Due to the complexity of the matters pending before the Court and counsel's familiarity with those matters, the Chapter 11 Trustee was authorized to utilize the legal services of the attorneys for the Creditors' Committee and the Debtor (Bolla).

On June 12, 1991, upon the recommendation of the Chapter 11 Trustee, the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code. Agresti was then appointed as Chapter 7 Trustee. By Order of April 30, 1991, Agresti was authorized to engage himself as attorney pro se for the estate in addition to the services of Bolla.

In September and October, 1991, Bolla, on behalf of the Trustee, filed the within Adversary Proceedings to recover fraudulent transfers, preferences, and postpetition transfers.

The present Motions followed. Alan Rosenkranz ("Alan"), the President and sole shareholder of the Debtor, asserts that Bolla not only served as counsel for the Debtor, but also served as his counsel individually; that during the course of Bolla's attorney-client relationship with Alan individually, Bolla came into possession of confi-

dential information pertaining to Alan; that Bolla's filing of the Adversary proceeding against Alan on behalf of the Trustee is not only a conflict of interest but is a breach of a fiduciary relationship which prejudices Alan's defense and therefore, the Complaint must be dismissed.

Defendants, Louis Rosenkrantz ("Louis"), Norman Rosenkrantz ("Norman") and Gerard A. Glasser ("Glasser") make similar arguments.

Louis, a former owner of Utensco and Alan's father, asserts that through Alan, Bolla also represented him individually relative to loans Louis made to Utensco. Thus, Louis asserts that Bolla has a conflict of interest; that Bolla should be disqualified; and that the Complaint against Louis must be dismissed.

Norman, Alan's brother, asserts that as counsel for the Debtor, Bolla had access to confidential data and material such that there is a conflict of interest and therefore, Bolla should be disqualified from representing the Chapter 7 Trustee and that the Complaint against him be dismissed.

Glasser asserts that Bolla has breached an attorney-client relationship and that Bolla has a conflict of interest in this matter due to Bolla's relationship with Glasser prior to and during the course of this bankruptcy case. Glasser also seeks dismissal of the Complaint against him.

### Issue

Under what circumstances does an attorney who represents a corporate debtor have an attorney-client relationship with the shareholders of the corporation and other third parties who have a business relationship with the corporate debtor such that a conflict of interest and breach of confidentiality arises when counsel for the debtor later represents the trustee in bankruptcy?

### Discussion

The Defendants argue that, in a close corporation or at least in a case where the principal executive officer is the single 100% shareholder, an attorney who represents the corporation necessarily represents the stockholder. The Defendants also assert that an attorney for the corporate debtor necessarily acquires such confidential information that he is disqualified from representing the Trustee in asserting a claim against individuals which conducted business with the corporation.

■ An attorney for a corporation does not by virtue of that fact necessarily create an attorney-client relationship with its officers, directors, shareholders, or other third parties affiliated with the corporation. An attorney employed by a corporation owes his allegiance to the corporate entity and not to a stockholder, director, officer, employee or other parties connected with the corporation. *See Rules of Professional Conduct,* 42 Pa.C.S.A.Rule 1.13.

The law treats the corporation and the shareholder and other individuals as separate persons. The corporation, however, speaks only through a natural person, in many cases as in the instant case, the principal executive officer who is also the sole shareholder. The interests of the sole shareholder and the corporation may run hand in hand and present no conflict. On the other hand, their interests may be directly in conflict.

■ Rendering advice to Alan and other individuals concerning matters relating to those individuals' official duties or to the general affairs of the corporation does not give rise to an attorney-client relationship between corporate counsel and the individuals.

■ Defendants impliedly argue that this is inconsistent—that management controls the corporate purse strings, and unless the corporate attorney "looks out for" the principal shareholder or, in a larger corporation, the board of directors, the attorney will not be retained. However, "looking out for" does not mean representing or providing legal services to those individuals or other parties doing business with the corporation. When a situation arises where the interests of the individuals conflict with that of the corporation, corpo-

rate counsel is bound by his allegiance to the corporation.

■ An attorney who renders legal advice to an individual associated with the corporation upon matters personally concerning that individual, may render himself in a conflict of interest position. Rendition of any such advice will violate the mandate of the Bankruptcy Code under § 327(a) that the debtor may employ attorneys, etc. "that do not hold or represent an interest adverse to the estate." Such activity would also violate the mandate under § 327(e) that a debtor's attorney may be employed by the trustee for a special purpose "if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." Alan, Louis and Glasser allege that Bolla rendered advice to them personally and thus assert the existence of an attorney-client relationship, an allegation which Bolla denies. Norman merely asserts that, as counsel for the Debtor, Bolla had access to confidential information which prejudices Norman's defense. Such determinations are factual in nature and require evidence.

We believe that the Defendants must prove that Bolla performed services for them personally—prove the existence of an attorney-client relationship. *See In re Standard Financial Management Corp.*, 77 B.R. 324, 328 (Bankr.D.Mass.1987). Absent an attorney-client relationship, there can be no breach of confidentiality.

■ We do not perceive a conflict of interest between Bolla and the Trustee in the within Adversary Proceedings absent a former attorney-client relationship between Bolla and any of the defendants. An attorney for the debtor has a fiduciary duty not only to the debtor, but has a fiduciary obligation to act in the best interest of the entire estate, including creditors. *Wolf v. Weinstein*, 372 U.S. 633, 83 S.Ct. 969, 10 L.Ed.2d 33 (1963); *In re Wilde Horse Enterprises*, 136 B.R. 830, 840 (Bankr. C.D.Cal.1991); *In re Sky Valley, Inc.*, 135 B.R. 925, 938–39 (Bankr.N.D.Ga.1992). If the debtor is not fulfilling *its* fiduciary obligation to the estate, it is the responsi-

bility and duty of Debtor's counsel to bring such matters to the attention of the court. *Wilde Horse*, 136 B.R. at 847.

Upon appointment of the Trustee, Utensco had a duty to cooperate with the Trustee in the administration of the estate. 11 U.S.C. § 521(3). Bolla, as Debtor's counsel, had a duty to assist. The Trustee has a duty to collect property of the estate under 11 U.S.C. § 704(1), and Bolla, as Debtor's counsel, has a duty to cooperate with the Trustee in that effort. Bolla had an obligation to disclose to the Trustee any information he possessed with respect to the assets of the Debtor, at least where the Debtor is a corporation. As counsel to the Trustee, Bolla is doing nothing more than assisting the Trustee in pursuit of those assets.

■ Although we perceive no conflict, we will afford the Defendants an opportunity to present evidence of the existence of the alleged attorney-client relationships and evidence of any conflict of interest Bolla has in pursuing assets of the estate on behalf of the Trustee.