**JUDITH A. LYNCH, Plaintiff**

**v.**

**WARREN LAMPKIN, NANCY NICOLE, CHRIS HICKMAN and CHRIS HICKMAN d/b/a CHRIS HICKMAN ASAP, Defendants**

Civil No. 446/1992

Territorial Court of the Virgin Islands

Div. of St. Croix

August 31, 1992

LEE J. ROHN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

CHRIS HICKMAN, No. 02000-094 Federal Corrections Institute, Springs, Texas, *pro se*

ELTMAN, *Judge*

## MEMORANDUM OPINION

The Court once again considers whether an attorney should be precluded from appearing in a case against her former client. Once again, the attorney is ordered disqualified.

### Facts

The plaintiff, Judith A. Lynch, claims that she was injured when she fell at the home owned by the defendants Warren Lampkin and Nancy Nicole. She alleges that the accident was caused by an unsafe deck rail which had been negligently repaired and reconstructed by the defendant Chris Hickman d/b/a Chris Hickman ASAP (hereinafter "Hickman").[1] Appearing pro se, Hickman has filed what he terms a "Motion to Dismiss for Cause". Despite its title, the motion obviously is one to disqualify plaintiff's counsel, Lee J. Rohn, Esq. The basis for the motion is that Attorney Rohn previously represented Hickman in several different matters. In particular, Hickman contends that "[C]ounsel, Lee J. Rohn, had prior knowledge of actions named in this complaint from the defendant prior to suit being instigated. Defendant had discussed same to some degree while discussing other matters with Rohn." Hickman is incarcerated in federal prison in Texas for crimes committed in the Virgin Islands.

In response to the motion to disqualify her, Attorney Rohn acknowledges that she has had professional involvement with Hickman in three separate matters. First, she represented Hickman in an action against St. Croix Marine in 1988 and 1989, from which she derived a $19,000 legal fee. Second, she represented Hickman in an action against an electrician for faulty electrical work performed on a job. What she describes as her last "substantive work" on that matter was on August 29, 1989. Though she does not style it as legal representation but rather as "mediation", Attorney Rohn further acknowledges that she "was involved in a dispute over payment for work performance with Attorney Judith Conte." The Court recalls a matter involving allegedly defective construction

---

[1] The caption of the complaint names as defendants "Chris Hickman and Chris Hickman d/b/a Chris Hickman ASAP." However, the complaint only contains allegations against "Chris Hickman d/b/a Chris Hickman ASAP." Apparently the caption of the complaint is in error.

work performed by Hickman for Attorney Conte.[2] Consequently, the Court concludes that Attorney Rohn had professional involvement with Hickman on at least two separate matters involving his construction work. In this case, Hickman is a defendant in a case involving negligent construction of a house belonging to the co-defendants Lampkin and Nicole. Attorney Rohn, of course, represents the plaintiff.

In her opposition to the motion, Attorney Rohn opines that, because Hickman presently is serving a prison sentence for fraud and embezzlement, "his word is obviously of little credibility." She also maintains that Hickman did not "share any confidences" with her concerning either his construction business in general or any particular jobs he was working on, including the Lampkin/Nicole house.

## Discussion

The American Bar Association Model Rules of Professional Responsibility have been judicially adopted in this jurisdiction. V.I. Bar Association v. Boyd-Richards, 26 V.I. 299 (D.V.I. 1991). The Model Rules supplant the older ABA Code of Professional Responsibility which previously constituted our standards for professional conduct. District Court Rule 57(e)(2); Territorial Court Rule 7. Most of the reported decisions on attorney disqualification are grounded in the older Code of Professional Responsibility. The Code had no express proscription against representation of interests adverse to former clients. Instead, courts relied on Canon 9 of the Code, which prohibits "the appearance of impropriety." In Re Corn Derivatives Antitrust Litigation, 748 F.2d 157 (3d Cir. 1984), cert. denied Cochrance & Bresnahan v. Plaintiff Class Representatives, 472 U.S. 1008, 105 S.Ct. 2702 (1984).

Model Rule 1.9(a) addresses the problem specifically:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of a former client unless the former client consents after consultation.

As the rule would appear to require by its terms, courts generally use a "substantial relationship" test to determine

---

[2] Seccarecci and Conte v. Hickman, Civ. 741/90. Attorney Rohn did not appear of record.

whether or not a successive representation is proper. This test presumes that confidences were disclosed during the previous relationship and that such confidences would be used against the former client in order to benefit the new client. American Roller Co. v. Budinger, 513 F.2d 982 (3d Cir. 1975); Richardson v. Hamilton International Corp., 469 F.2d 1382 (3d Cir. 1972), cert. denied 411 U.S. 986 (1973). The substantial relationship test does not require that the moving party be able to show that confidences actually were passed or to detail their contents. American Roller Co. v. Budinger, supra; Kitchin v. U.S., 592 F.2d 900 (5th Cir.), cert. denied 444 U.S. 843 (1979); Haagen Dazs Co., Inc. v. Perche No! Gelato, Inc., 639 F. Supp. 282 (N.D. Cal. 1986). Rather, a court must consider the subject matter and scope of the former and present representations and decide whether the substance of the new relationship causes it to conflict with the earlier one. Novo Terapeutisk Laboratorium v. Baxter Travenol Laboratories, 607 F.2d 186 (7th Cir. 1979).

■ The Court does not conclude that Hickman's word "obviously" is of no value because of his convictions for fraud and embezzlement. Despite her efforts to minimize it, it is apparent that Attorney Rohn had a substantial professional relationship with Hickman over the course of several years, which at least touched on Hickman's activities as a contractor. Attorney Rohn's insistence that Hickman never "shared any confidences" is not persuasive. While she may not be able to identify any specific confidences at this point, they may well come to mind in the future as this lawsuit develops and discovery and trial preparation proceed. It is reasonable to conclude that Attorney Rohn knows details and nuances of Hickman's personality and behavior, not to mention his work as a contractor, gleaned from her representation of him in the past, which knowledge is likely to be helpful in this case. Whether or not Hickman ever discussed this particular project with her is not dispositive.

Only last month, this Court granted another defendant's motion to disqualify Attorney Rohn as counsel for the plaintiff in another matter. McNamara v. Boehm, Civ. No. 141/92 (July 8, 1992). The Court's reasoning in McNamara is applicable to this case. Judge Finch wrote:

> Where a substantial relationship or a reasonable perception of a substantial relationship between the subject matter of the present suit and that of the former representation exists, the

155

court will assume that confidential information has passed between the attorney and the former client, notwithstanding the attorney's declaration to the contrary. (Citations omitted.)

In American Roller Co. v. Budinger, supra at 984, the Third Circuit held that disqualification of an attorney is appropriate if she "*might* have acquired substantially related material" during the former representation. (Emphasis supplied.), Reflecting on Model Rule 1.9, the Third Circuit noted later in Corn Derivatives Antitrust Litigation, supra at 162:

A rule against representation of interests adverse to a former client in the same or substantially related litigation has several purposes. It is a prophylactic rule to prevent even the potential that a former client's confidences and secrets may be used against him. Without such a rule, clients may be reluctant to confide completely in their attorneys. Second, the rule is important for the maintenance of public confidence in the integrity of the bar. Finally, and importantly, a client has a right to expect the loyalty of his attorney in the matter for which he is retained. (citation omitted.)

Whatever the ultimate merits of the plaintiff's negligence claim against Hickman, this defendant clearly is at a severe tactical disadvantage, because he is unrepresented by counsel and is incarcerated far away. He ought not to have to bear the additional burden of having his former lawyer now represent the plaintiff in this case. His motion to disqualify Lee J. Rohn, Esq., as attorney for the plaintiff will be granted.

## ORDER

In accordance with the memorandum opinion of this date, it is hereby

ORDERED that what the Court has construed as the motion of the defendant Chris Hickman d/b/a Chris Hickman ASAP to disqualify Lee J. Rohn, Esq., as counsel for the plaintiff is granted; and it is further

ORDERED that this action is stayed for 30 days from the date of this order so that the plaintiff may retain substitute counsel.