**In re DASOM, INC. T/A Rotunda at Union Station, Debtor.**

**Gary V. SKIBA, Trustee, Plaintiff,**

v.

**UNION STATION DEVELOPMENT CORPORATION, Defendant.**

Bankruptcy No. 94–10203.
Adv. No. 94–1177.

United States Bankruptcy Court,
W.D. Pennsylvania.

April 26, 1995.

Gary V. Skiba, Trustee, Erie, PA.

Lawrence C. Bolla, Erie, PA, for trustee.

Charles D. Agresti, Erie, PA, for defendant.

*OPINION*

WARREN W. BENTZ, Chief Judge.

The Trustee in the above Adversary seeks recovery against the Defendant for alleged preferential transfers and fraudulent transfers under 11 U.S.C. § 547 and § 548, asserting that the transferee-defendant was an insider of the Debtor.

■ The Trustee has engaged the law firm of Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc. (the "Firm") as his counsel to conduct the litigation. The Defendant has filed a motion to disqualify the Firm as counsel, asserting a conflict of interest. Defendant asserts that there are only two shareholders of Defendant, and that those two shareholders are two of the eight shareholders of the Debtor-corporation; that in 1992, one of those two shareholders met with and engaged the Firm on behalf of the Debtor to represent the Debtor in an attempt to work out a General Debt Composition Agreement with its unsecured creditors; that in the course of those dealings, the Debtor's shareholder, being also a share-holder of Defendant here made a full disclosure of the Debtor's financial condition and its liability to the Defendant under a certain lease agreement, and the interests of the Debtor's shareholders in the event of the Debtor's default under the lease; that said services were intended to prevent the default of the Debtor under the lease; that during the course of the Firm's representation of the Debtor, the Firm was provided confidential information about the lease between the Defendant and the Debtor, and the personal guarantee by the shareholders of the Debtor on certain underlying obligations, and the nature of the Debtor's obligation to various creditors who had provided leasehold improvements; that the services of Bolla were intended to prevent or minimize losses which might be suffered, not only by the Debtor, but by the shareholders personally.

It is further alleged that in February and March of 1994, the Firm acted as attorney for PNC Bank, in connection with a loan from PNC Bank to the Defendant-corporation, by which the Defendant-corporation

purchased the Debtor's lease obligation from PNC Bank; and that in connection with that transaction, the Firm was provided confidential information regarding the financial status and general operating conditions of the Defendant-corporation and its shareholders; that the Firm's representation of the Defendant-corporation also encompassed the representation of the two shareholders individually; and that information obtained in the course of that representation would or could be used to the disadvantage of the Defendant in the instant adversary proceeding.

The Defendant also cites Pennsylvania Rules of Professional Conduct 1.9, "Conflict of Interest."

 The Trustee points out that in bankruptcy cases, an attorney for a debtor-corporation may not simultaneously represent the shareholders, even if there is only a single shareholder. Indeed, it is well settled that when a corporate debtor is in a bankruptcy proceeding, its attorney owes its full fidelity to the corporation, and that the shareholders must get separate representation if they are to have any. *In re Granite Sheet Metal Works, Inc.,* 159 B.R. 840 (Bankr.S.D.Ill. 1993); *In re United Utensils Corp.,* 141 B.R. 306 (Bankr.W.D.Pa.1992). That is because of the statutory requirement that the attorney engaged be disinterested, and it is also because of the fiduciary position occupied by such an attorney in a bankruptcy proceeding. *See* 11 U.S.C. § 327(a).

On the threshold of a bankruptcy case, experienced counsel being requested to represent a corporation as a debtor in a Chapter 11 bankruptcy proceeding may be expected to advise the shareholders that he can either represent the corporation, or the shareholders, but not both. If the shareholders are unhappy with that conclusion, the lawyer may have lost a client, but no lawyer is entitled to be paid through a bankruptcy court where he is not disinterested. If the lawyer's representation of the shareholders continues through their corporation's Chapter 11 case, the lawyer may not be entitled to compensation from the bankruptcy estate. *In re Prince,* 40 F.3d 356 (11th Cir.1994); *Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242, 1253 FN. 18 (3d Cir.1994).

The Trustee therefore argues that the Firm, in its pre-bankruptcy work, represented *only* the debtor corporation (and not its shareholders) and the Firm has no conflict now in representing the Debtor corporation's Trustee.

It does not follow from that, however, that the Firm's private practice representation of the corporation insulated it from simultaneous representation of its two shareholders. When the shareholders approached the Firm to represent the corporation (Dasom, Inc., the Debtor here), they had a right to expect that Counsel would represent their personal interests as well as the corporate interests; in fact, representation of their personal interests was probably a consideration superior to that of the welfare of the corporation. That would be expected in private practice. *See Analytica, Inc. v. IVPD Research, Inc.,* 708 F.2d 1263, 1268 (7th Cir.1983).

In a non-bankruptcy setting, if the lawyer advises the shareholders that he will do the work for the corporation without being concerned for the welfare of the shareholders and officers who are hiring him, they will likely seek other more cooperative counsel. In the instant case, the two shareholders of the debtor-corporation may expect to be somewhat dismayed at finding the law firm which they previously thought was representing their interests, is now attacking their related corporation, through the mantle of Dasom, Inc., and with the additional weapons of the Trustee. The official comment to Rule 1.9 includes the statement that "The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides."

The Court of Appeals for the Third Circuit has adopted the position "that an attorney should be disqualified if he may have acquired material that is substantially related to his disputed representation in the course of a prior employment." *Akerly v. Red Barn System, Inc.,* 551 F.2d 539, 544 FN. 12 (3d Cir.1977); *American Roller Co. v. Budinger,* 513 F.2d 982, 984–85 (3d Cir.1975); *Richardson v. Hamilton Int'l Corp.,* 469 F.2d 1382, 1385 (3d Cir.1972).

The circumstances of the Firm's earlier engagement by the owners of Dasom, Inc. require us to conclude that such engagement was also for the benefit of the individuals involved—the shareholders—and hence, the Pennsylvania Rules of Professional Conduct, Rule 1.9, precludes the Firm's present representation of the Trustee in this adversary proceeding. *See Trone v. Smith,* 621 F.2d 994 (9th Cir.1980). The requested engagement of the Firm is in fact a "changing of sides," and the reasonable appearance to the officers of the defendant corporation is that there has been a changing of sides. In either event, the engagement is objectionable.

It is also clear that the Firm may have acquired material that is substantially related to the causes of action in the Trustee's Complaint during the course of its prior employment.

The Defendant's Motion to Disqualify Counsel will be granted.

### ORDER

This 26 day of April, 1995, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that Union Station Development Corporation's MOTION TO DISQUALIFY COUNSEL is SUSTAINED and the Trustee is directed to find substitute counsel.