Leon **KROUNGOLD** and **Thaddeus S. Bochey**

v.

**Stanton L. TRIESTER et al., Appellants.**

**No. 74-2206.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 13, 1975.

Decided Aug. 12, 1975.

---

**764**

Paul R. Rosen, Pechner, Sacks, Dorf-man, Sacks & Richardson, Philadelphia, Pa., for appellants.

Reeder R. Fox, Duane, Morris & Heckscher, Philadelphia, Pa., for appellees.

Before KALODNER, ROSENN and HUNTER, Circuit Judges.

OPINION OF THE COURT

KALODNER, Circuit Judge.

The defendants moved below to disqualify the law firm representing the plaintiffs on the ground that its representation would offend the ethical standards set out in Canon 5 of the Code of Professional Responsibility and Disciplinary Rule 5–102, promulgated thereunder. The district court denied the motion and this appeal followed.

The background facts may be summarized as follows:

The plaintiffs filed an amended complaint on August 17, 1974 alleging that the defendants in their offering and sale to the plaintiffs of limited partnership interests in a real estate investment project violated the federal and Pennsylvania securities laws and further engaged in common law fraud and misrepresentation.

The defendants before making answer to the amended complaint filed their motion to disqualify plaintiffs' counsel. The motion asserted that "[t]he defendants in this case never had any contact with the plaintiff, Leon Kroungold";[1] "all dealings relative to the limited partnership and the investment therein were made through Sheldon M. Bonovitz, Esquire," a partner in the law firm representing the plaintiffs; and "defendants intend to call Sheldon M. Bonovitz, Esquire, as a witness for the defendants and when Sheldon Bonovitz is so called, or deposes, he and his law firm will be in violation of Disciplinary Rule 5–102(B) . . . . ."

The plaintiffs, in their "Memorandum Contra Defendants' Motion to Disqualify Counsel" below, stated in relevant part that they did not intend to call Bonovitz as a witness "since his very minor involvement on behalf of Mr. Kroungold has no relationship to the factual or legal issues in this litigation," and "[i]f the Defendants choose to call Mr. Bonovitz as a witness, that fact does not require

1. Defendants do not challenge the law firm's representation of co-plaintiff, Bochey.

Duane, Morris & Heckscher to withdraw as counsel for Plaintiffs," under Disciplinary Rule 5–102(B), because "there is nothing known to Plaintiffs' counsel or in the record of this litigation which would in any way indicate that if Defendants choose to call Mr. Bonovitz as a witness, that his testimony is or may be prejudicial to the interests of Mr. Kroungold."

The district court in its "Memorandum and Order" stated in relevant part that "the Court concludes that no cogent reason exists to disqualify the law firm of Duane, Morris & Heckscher as counsel for the plaintiffs . . . under the facts of the instant case," and "[a]ccordingly, defendants' motion will be denied."

The issue presented is whether the district court abused its discretion in denying the defendants' motion to disqualify the plaintiffs' counsel. *Autowest, Inc. v. Peugeot, Inc.*, 434 F.2d 556, 567 (2d Cir. 1970).[2]

■ Our discussion must be prefaced by notation of the fact that an order denying a motion to disqualify counsel is appealable under 28 U.S.C. § 1291 (1970). *American Roller Company v. Budinger,* 513 F.2d 982, 983 (3d Cir. 1975); *Richardson v. Hamilton International Corporation,* 469 F.2d 1382, 1383 n. 1 (3d Cir. 1972), *cert. denied,* 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973); *Greene v. The Singer Company,* 509 F.2d 750 (3d

Cir. 1971). *See, too, Silver Chrysler Plymouth, Inc. v. Chrysler Motors, Corp.,* 496 F.2d 800, 804–06 (2d Cir. 1974) (en banc); *United States v. Hankish,* 462 F.2d 316, 318 (4th Cir. 1972); *Yablonski v. United Mine Workers of America,* 147 U.S.App.D.C. 193, 454 F.2d 1036, 1038 (1971), *cert. denied,* 406 U.S. 906, 92 S.Ct. 1609, 31 L.Ed.2d 816 (1972); *Uniweld Products, Inc. v. Union Carbide Corp.,* 385 F.2d 992, 994 (5th Cir. 1967), *cert. denied,* 390 U.S. 921, 88 S.Ct. 853, 19 L.Ed.2d 980 (1968).

■ What has been said brings us to the question whether the district court abused its discretion in its disposition.

The parties agree that the defendants' motion to disqualify required the district court to test it by standards imposed by Canon 5.[3] They do not agree, however, as to the impact, if any, of the Disciplinary Rules (hereinafter D.R.) promulgated under Canon 5.

The defendants contend that D.R. 5–102(A) and D.R. 5–102(B) required granting of their disqualification motion. The plaintiffs urge that the motion had to be tested only by the requirements of D.R. 5–102(B).

The cited Rules provide in relevant part:

D.R. 5–102(A)—If, after undertaking employment in contemplated or pending litigation, *a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on be-*

2. We applied the "abuse of discretion" standard in reviewing district court dispositions of motions to disqualify counsel grounded on Canon 4 of the Code of Professional Responsibility which relates to the fiduciary relationship existing between lawyer and client, in *Richardson v. Hamilton International Corporation,* 469 F.2d 1382, 1386 (3d Cir. 1972), *cert. denied,* 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973); *Greene v. The Singer Company,* 461 F.2d 242, 243 (3d Cir.), *cert. denied,* 409 U.S. 848, 93 S.Ct. 54, 34 L.Ed.2d 89 (1972).

We have, however, in a Canon 4 situation, recently expressed "serious reservations . . whether our scope of review is limited to finding an abuse of discretion in disqualification cases such as this [where] it appears that in issue . . . is the purely legal question

whether two allegedly adverse representations are so intertwined that it can be said that in the former representation the attorney 'might have acquired' material 'substantially related' to the subject matter of the second representation," and the "[d]etermination of that question leaves little leeway for the exercise of discretion." *American Roller Company v. Budinger,* 513 F.2d 982, 985 n. 3 (3d Cir. 1975).

3. Local Rule 11 of the United States District Court for the Eastern District of Pennsylvania provides that

The Canons of Ethics of the American Bar Association as now existing shall be and as hereafter modified shall become standards of conduct for attorneys of this Court.

*half of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial,* except that he may continue the representation and he or a lawyer in his firm may testify in . . . [circumstances not relevant herein]. (emphasis supplied).

*D.R. 5–102(B)—If,* after undertaking employment in contemplated or pending litigation, *a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.* (emphasis supplied).

D.R. 5–102(A) provides in essence that an attorney *"shall withdraw"* from a case when he "learns or it is obvious that he or a lawyer in his firm *ought to be called as a witness on behalf of his client."* It is without impact in the instant case in light of the fact that counsel for the plaintiffs expressly stated below that *"[p]laintiffs have no intention of calling Mr. Bonovitz as a witness, since his very minor involvement as counsel for Mr. Kroungold has no relationship to the factual and legal issues in this litigation."*[4] (emphasis supplied).

The defendants fail to perceive the sweep of D.R. 5–102(A) when they contend that it is called into play by the circumstance that *they* "intend to call" Bonovitz *"as a witness for the defendants."*[5] (emphasis supplied).

The question remains as to the impact, if any, on D.R. 5–102(B), by reason of the defendants' announced intention to call Bonovitz "as a witness for the defendants."

This Rule provides in essence that when an attorney learns that he or a member of his firm "may be called as a witness *other than on behalf of his client, he may* continue the representation *until it is apparent that his testimony is or may be prejudicial to his client."* (emphasis supplied).

The defendants did not contend below, nor do they do so here, that Mr. Bonovitz' testimony, should they call him, will be prejudicial to the plaintiffs. They only *suggest* that *if* they call upon him to testify "his answers *may* prejudice his client,"[6] and in doing so, they do not specify in what respect Bonovitz' testimony "may prejudice his client."

The plaintiffs on the other hand, have, as earlier noted, specifically stated that *"there is nothing . . . which would in any way indicate"* that Bonovitz, if called by the defendants, would give testimony *"prejudicial"* to them. (emphasis supplied).

It is pertinent to note at this juncture that the Special Committee for the Evaluation of Ethical Standards which drafted the Canons and the Disciplinary Rules, stated in its Comment on D.R. 5–102(B) that it "was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel."[7]

The cases and American and New York Bar Association Opinions cited by the defendants afford no nourishment to their position.

For the reasons stated we cannot say that the district court abused its permissible discretion when it denied the defendants' disqualification motion.

The Order of the district court denying the defendants' "Motion to Disqualify Counsel" will be affirmed.

---

**4.** Plaintiffs' Memorandum Contra Defendants' Motion to Disqualify Counsel.

**5.** Defendants' Motion to Disqualify Counsel.

**6.** Brief of the appellants at 13.

**7.** *See* footnote 31 to D.R. 5–102(B), citing and quoting *Galarowicz v. Ward,* 119 Utah 611, 620, 230 P.2d 576 (1951).