**SILBERLINE MANUFACTURING CO., INC., Appellant,**

v.

**INTERNATIONAL NICKEL CO., INC., and Alcan Aluminum Corp.**

No. 77–1285.

United States Court of Appeals,
Third Circuit.

Argued Nov. 9, 1977.

Decided Dec. 22, 1977.

Berj A. Terzian, Stanton T. Lawrence, Jr., Joseph J. C. Ranalli, Gidon D. Stern, Pennie & Edmonds, New York City, for appellant; Gerard J. Weiser, of Weiser, Stapler & Spivak, Philadelphia, Pa., of counsel.

John M. Calimafde, Eugene J. Kalil, Hopgood, Calimafde, Kalil, Blaustein & Lieberman, New York City, for appellees; John G. Harkins, Jr., of Pepper, Hamilton & Scheetz, Philadelphia, Pa., of counsel.

Before ROSENN and VAN DUSEN, Circuit Judges, and COHILL, District Judge.*

## OPINION OF THE COURT

### PER CURIAM:

The issue in this case is whether the denial of a discovery protective order, which would prevent certain attorneys from participating in any way whatsoever in trial or preparation of trial of a patent case, is appealable under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), which held that, under certain circumstances, collateral issues may be appealed before the whole case is adjudicated. We hold that the order challenged by the appeal in this case is not appealable under the *Cohen* doctrine and dismiss the appeal.

### I.

This patent case, in which the plaintiff-appellant, Silberline Manufacturing Co., Inc. ("Silberline"), sued for a declaratory judgment that the two United States patents owned by defendant-appellee, International Nickel Co., Inc. ("Inco"), and licensed exclusively to the defendant-appellee, Alcan Aluminum Corporation ("Alcan"), are invalid, unenforceable and not infringed, was commenced on January 15, 1976, with the filing of Silberline's original complaint. On May 27, 1976, Silberline filed an amended complaint, alleging, *inter alia*, that the patents in suit were void because the patentees and their representatives had withheld and misrepresented material facts during prosecution of the corresponding patent applications and thereby breached their duty of complete honesty and candor before the Patent and Trademark Office ("PTO"). Inco and Alcan denied these contentions and all other material allegations of invalidity, unenforceability and non-infringement. After discovery undertaken in 1976 through interrogatories, admission requests, and document production requests, counsel for Silberline unsuccessfully attempted to reach an agreement with counsel for Inco/Alcan upon a protective order for limiting access, disclosure, and use of trade secrets and confidential information of the parties.

On December 15, 1976, Silberline filed Plaintiff's Motion for a Protective Order and Further Relief (with affidavits and exhibits) seeking (a) a protective order providing that:

" . . . no person other than those designated in such Protective Order be given access to any trade secrets and confidential information, unless authorized by written consent of the parties or further order of the Court; and

"(b) That corporate counsel for Inco, namely, Francis J. Mulligan, Jr., Esq. and Ewan C. MacQueen, Esq., be directed to withdraw or refrain from any activities or participation as trial counsel or as assistants to trial counsel for the defendants in this action."

Inco/Alcan filed their memorandum (with affidavits) opposing Silberline's motion and on January 4, 1977, the district court filed a memorandum and order denying the relief requested in Silberline's motion, including the disqualification of Messrs. MacQueen and Mulligan, but granting a protective order more limited in scope than that sought by Silberline. The protective order differed from Silberline's proposed order by allowing MacQueen and Mulligan to have access to confidential material.

On January 14, 1977, Silberline filed a motion for reargument, reconsideration and modification of the January 4, 1977, memorandum and order. On January 25, 1977, the district court filed an order denying and dismissing this motion for reargument, reconsideration and modification. On February 3, 1977, plaintiff Silberline filed a notice of appeal.[1]

---

\* Honorable Maurice B. Cohill, Jr., United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. On February 15, 1977, Inco/Alcan filed discovery answers and discovery documents leading Silberline to file a motion for remand so that the district court could consider this additional evidence and re-evaluate its January 4 and 25, 1977, orders. This motion for remand was referred to the panel to which this appeal would be assigned for disposition, with the

## II.

The motion denied Silberline by the district court was entitled Plaintiff's Motion for a Protective Order and Further Relief. We note that this motion was not solely a motion to disqualify as that discussed in *Kroungold v. Triester*, 521 F.2d 763, 764–66 (3d Cir. 1975).[2] We can find nothing in *Kroungold* that would require reversal of the district court's ruling in this case. The defendants have made clear that MacQueen and Mulligan will not act as counsel in this litigation [3] and will not be called as witnesses. The record does not support Silberline's contention that either MacQueen or Mulligan "ought to be called as a witness on behalf of his client" as a matter of law. See Code of Professional Responsibility, DR 5–102(A). In *Kroungold, supra* at 766, the court stated that:

".  .  . the Special Committee for the Evaluation of Ethical Standards which drafted the Canons and the Disciplinary Rules, stated in its Comment on D.R. 5–102(B) that it 'was not designed to permit a lawyer to call opposing counsel

as a witness and thereby disqualify him as counsel.' "
(Footnote omitted.)

Therefore, insofar as the January 4 and 25 orders deny what was basically a discovery motion, they are not appealable under our decision in *Borden Co. v. Sylk*, 410 F.2d 843 (3d Cir. 1969); [4] see also *Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338 (10th Cir. 1976); *North Carolina Ass'n of Black Lawyers v. North Carolina Bd. of Law Examiners*, 538 F.2d 547 (4th Cir. 1976); *Xerox Corp. v. SCM Corp.*, 534 F.2d 1031 (2d Cir. 1976); *Grinnell Corp. v. Hackett*, 519 F.2d 595 (1st Cir. 1975).

Although this court has held that an order granting a motion to disqualify an attorney who has entered his appearance as trial counsel for a party may be appealable under certain circumstances, see *Richardson v. Hamilton International Corp.*, 469 F.2d 1382 (3d Cir. 1972), we have also made clear in *Greene v. Singer Co.*, 509 F.2d 750, 751 (3d Cir. 1971):

"We do not hold that every ruling relating to conflict of interest by an attorney should activate the *Cohen* rule. We de-

suggestion that Silberline file a motion in the district court pursuant to F.R.Civ.P. 60(b) to avoid any problems of laches and the statute of limitations in seeking such relief. Because of our decision to dismiss the appeal, this motion for remand has become moot. The dismissal of the appeal will enable the district court to consider any motion under F.R.Civ.P. 60(b) which has been, or may be, filed.

2. Silberline attempts to characterize the discovery order entered by the district court as an order denying disqualification of attorneys, rather than as a protective order more limited in scope than that desired by Silberline. This characterization is misleading. Even if we were to hold that the attorneys ought to be disqualified, it would not follow that the protective order should be broadened to prevent them from having access to discovered material. As Judge Van Artsdalen correctly noted, "simply because an attorney must 'decide whether to serve either as an advocate or a witness in a particular case,' *Universal Athletic Sales Co. v. American Gym, Recreational Equipment Corporation, Inc., et al.* [546 F.2d 530, 538 (3d Cir. 1976)], should not be a valid basis to exclude the attorney from being privy to pretrial discovery material that is subject to

a protective order of confidentiality." *Silberline Mfg. Co. v. International Nickel Co.*, Civil No. 76–135 (E.D.Pa., Jan. 4, 1977), reprinted at 130a, 131–32a.

3. Inco/Alcan state in their brief that MacQueen, manager of Inco's patent department, appears "of counsel" on the pleadings out of deference to his managerial position at Inco and not because he will act as trial counsel for defendants. Silberline does not challenge this statement in its brief. This statement was reasserted by Inco/Alcan's counsel at oral argument, again without challenge. Mulligan has not entered an appearance in any capacity during the proceedings in this litigation.

4. The court in *Borden* stated at 846:

"Every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient federal judicial administration as evidenced by the Congressional prohibition of piecemeal appellate litigation. To accept [a contrary] view is to invite the inundation of appellate dockets with what have heretofore been regarded as nonappealable matters."

cide only that these facts present a compelling argument that the 'rights asserted in the action [are] too important to be denied review and too independent of the cause itself' to require a postponement of appellate consideration."

(Footnote omitted.)

Again in *Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1088 (3d Cir. 1976), a similar case, this court repeated that "not . . . every ruling relating to conflict of interest by an attorney should activate the *Cohen* rule."

In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), the Court held that an interlocutory order may be appealable under 28 U.S.C. § 1291 where the decision ". . . finally determines claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

More recently the *Cohen* decision was explained in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974), as follows:

"There [in *Cohen*] the Court considered the applicability in a federal diversity action of a forum state statute making the plaintiff in a stockholder's derivative action liable for litigation expenses, if ultimately unsuccessful, and entitling the corporation to demand security in advance for their payment. The trial court ruled the statute inapplicable, and the corporation sought immediate appellate review over the stockholder's objection that the order appealed from was not final. This Court held the order appealable on two grounds. First, the District Court's finding was not 'tentative, informal or incomplete', 337 U.S. at 546, [69 S.Ct. at 1225], but settled conclusively the corporation's claim that it was entitled by state law to require the shareholder to post security for costs. Second, the decision did not constitute merely a 'step toward final disposition of the merits of the case . . . .' *Ibid.* Rather, it concerned a collateral matter that could not be reviewed effectively on appeal from the final judgment."

First, any finding which the court has made in this case has not "settled conclusively" the application of DR 5–102(A) and DR 5–102(B) to the role which attorneys MacQueen and Mulligan may play in this case, since the court has not made a finding concerning their conduct before the PTO.

Second, the orders of January 1977 were only steps "toward final disposition of the merits of the case," and the application of the active disciplinary rules can be determined on a motion to disqualify, rather than a motion for a discovery order, where any necessary findings can be made after hearing.

Finally, this issue is not "too important to be denied review," *Cohen* at 546, 69 S.Ct. at 1226, at this time because there would appear to be no reason why the propriety of whatever action which MacQueen and Mulligan take in this case cannot be effectively reviewed on ultimate appeal. "The prejudice necessary to establish jurisdiction under the collateral order doctrine is that rights may be irreparably lost without review." *Kramer, supra* at 1094 n. 2. Silberline points to no rights which will be irreparably lost if review is deferred. This case is readily distinguishable from *Richardson, supra*, and *Greene, supra*, in this regard. Moreover, this issue is not "too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen* at 546, 69 S.Ct. at 122. Silberline's claim that Inco's attorneys made misrepresentations before the PTO is not independent from the claims asserted in the main cause of action.

In *Eisen, supra*, 417 U.S., at 170–71, 94 S.Ct., at 2149, the Court pointed out the dangers of "piecemeal appellate disposition" of any single controversy, as follows:

"Restricting appellate review to 'final decisions' prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy. While the application of § 1291 in most cases is plain enough, determin-

ing the finality of a particular judicial order may pose a close question. No verbal formula yet devised can explain prior finality decisions with unerring accuracy or provide an utterly reliable guide for the future. We know, of course, that § 1291 does not limit appellate review to 'those final judgments which terminate an action  .  .  .,' *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S., at 545, [69 S.Ct. 1221], but rather that the requirement of finality is to be given a 'practical rather than a technical construction.' *Id.*, at 546, [69 S.Ct. 1221]. The inquiry requires some evaluation of the competing considerations underlying all questions of finality—'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.' *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, [70 S.Ct. 322, 94 L.Ed. 299] (1950) (footnote omitted)." (Footnotes omitted.)

Having evaluated the competing considerations underlying questions of finality, we reaffirm this court's policy against engaging in piecemeal review.

The appeal will be dismissed for want of an appealable order.