J. D. PFLAUMER, INC. et al.

v.

UNITED STATES DEPARTMENT
OF JUSTICE et al.

Civ. A. No. 77–1723.

United States District,
E. D. Pennsylvania.

Feb. 13, 1979.

Patrick W. Kittredge, Alan M. Lerner, Howard J. Kaufman, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiffs.

Robert N. DeLuca, Asst. U. S. Atty., Philadelphia, Pa., Barbara Allen Babock, David J. Anderson, Elizabeth Gere Whitaker, Brook Hedge, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, Judge.

Plaintiffs seek redress against defendant government agents for a search and seizure conducted on plaintiffs' business premises in alleged violation of their fourth amendment rights. In both the complaint and the amended complaint, plaintiffs allege the involvement of their attorneys in certain conversations and agreements concerning the records seized. Plaintiffs' counsel's participation appears to have been substantial, and is the subject of no fewer than nine paragraphs of factual allegations in the amended complaint. Consequently, defendants have moved for the disqualification of plaintiffs' counsel, Patrick W. Kittredge, Bruce L. Thall and their law firm, Cohen, Shapiro, Shiekman, Polisher and Cohen, on the grounds that plaintiffs' counsel "will have to become witnesses in this lawsuit," in violation of Disciplinary Rule 5–102(A) of the Code of Professional Responsibility.[1] The motion will be denied.

DR 5–102(A) prohibits a lawyer's continued representation of his client after he "learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client." There is no doubt about the wisdom of this rule and the underlying patent incompatibility of the roles of advocate and fact witness. See 6 Wigmore, Evidence § 1911 (Chadbourn rev. 1976); EC 5–9.

It is evident that the application of this rule to the present case depends on the meaning of the phrase "ought to be called as a witness." The Third Circuit advises that this provision of the Code will be invoked only if the attorney is an "indispensable witness," that is, where he "has crucial information in his possession which must be divulged." Universal Athletic Sales Co. v. American Gym, Recreational & Athletic Equipment Corp., Inc., 546 F.2d 530, 539 n.21 (3d Cir. 1976), cert. denied, 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977). Naturally, the parties in this case do not agree on whether plaintiffs' counsel have such crucial information. Defendant contends that the content of the agreement and conversations between plaintiffs' counsel and defendants is very much disputed and that plaintiffs' counsel are in most instances the only witnesses competent to present plaintiffs' version of the facts. Plaintiffs counter that their counsel's testimony "would not be necessary," or "would merely be corroborative," and that "[c]learly, here, Plaintiffs can meet their 'burden' without any testimony from counsel." Plaintiffs' Response at 4–5.

I am inclined at this stage to defer to plaintiffs' conclusion that they can prove their case without any testimony from counsel. Plaintiffs and their counsel should be permitted to present their case according to their own best judgment, and if it is their best judgment that they can get by without testimony from counsel, then it is certainly not up to defendants to urge upon them a different plan of presentation that would necessitate disqualification. See Kroungold v. Triester, 521 F.2d 763, 766 (3d

---

1. The Code was promulgated by the American Bar Association in 1969, and was adopted by the Pennsylvania Supreme Court in 1974. In the preliminary statement to the Code, the ABA warns that the Disciplinary Rules are "mandatory in character . . . [and] state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action."

Cir. 1975). Moreover, it cannot be said that plaintiffs present intention to forego counsel's testimony is so "obviously" contrary to what they "ought" to do as to require me now to declare that their intention is ill-considered, that their only hope of success lies in counsel's testimony, and that they must now at this late date [2] seek legal representation elsewhere.

Rather than interfere in this way with plaintiffs' right to counsel of their own choosing and with their right to present their case as they see fit, it would be more appropriate to leave it to counsel themselves to decide whether they ought to testify. Clearly, where there is a good faith dispute between the parties as to whether a lawyer-witness possesses crucial information, that attorney and his client are in the best position to determine whether his testimony is in fact indispensable. As the Third Circuit stated in *Universal Athletic Sales Co., supra, "the attorney, or his firm, must decide* whether to serve either as advocate or as a witness in a particular case." 546 F.2d at 538 (emphasis added).

Several factors may guide his decision. A major consideration should be the harsh consequences of continuing as counsel while possessed of crucial information. For example, the lawyer's testimony would of course be potentially inadmissible. In addition, the lawyer-witness himself might be subject to malpractice liability for the prejudice to his client's case caused by his assumption of the two incompatible roles. He could also be subject to separate disciplinary action for violation of the Code. *Universal Athletic Sales Co., supra,* 546 F.2d at 539.

█ The lawyer-witness may also consider the applicability of certain enumerated exceptions to the general rule that counsel shall not serve also as a witness. The Code permits a lawyer to testify where, for example, his testimony would be merely cumulative or would relate only to an uncontested matter.[3] These exceptions, however, will be construed narrowly, in order to assure that greater weight is given to the policy behind DR 5–102(A)—that the roles of advocate and witness are fundamentally incompatible—than to the mere convenience of the party faced with disqualification of counsel.

█ A final consideration flows naturally from the first two. A lawyer-witness' decision should be conservatively made, with care taken to resolve all doubts "in favor of the lawyer testifying and against his becoming or continuing as an advocate." EC 5–10.

Thus, if plaintiffs are not now absolutely certain that they can forego their counsel's testimony as to all contested elements of their own claim and all *possible* defenses thereto, then they should immediately retain new counsel. I would caution plaintiffs that it is not now premature, as they argue, to determine whether their counsel's testimony will be necessary in response to defenses "which Defendants may or may not raise." Plaintiffs' Response at 5. Discovery in this case has been extensive, so that plaintiffs should by now be well aware of the defenses they are likely to encounter, and should be able to decide in advance whether counsel ought to testify in response thereto. Cries of surprise and pleas of the sudden unforeseen necessity for counsel's testimony will be heard with a most critical ear. The policy behind DR 5–102(A) protects not only the interests of the parties,

---

2. The initial complaint was filed on May 18, 1977. The amended complaint, filed on June 16, 1978, left substantially unchanged the factual allegations concerning the involvement of plaintiffs' counsel. The discovery deadline of February 15, 1979 is fast approaching.

3. DR 5–101(B)(1)–(4); DR 5–102(A); EC 5–10. Other exceptions permit the lawyer's testimony as to certain matters of formality, as to the nature and value of his legal services, or as to any matter upon which his refusal to testify would work a "substantial hardship" on the client.

Only the latter exception is implicated in the present motion. However, it is not evident that present counsel are of such "distinctive value" to their clients as to invoke that exception. Disqualification in the present case would naturally be inconvenient, but there is no hint of the "exceptional circumstances" which EC 5–10 suggests are necessary to a finding of hardship.

but also the integrity of the entire judicial system, and it, like any other ethical principal contained in the Code, deserves the utmost judicial deference and will be overridden only for the most compelling reasons.

 With all the above cautions in mind, the motion to disqualify will be denied. Responsibility for the tactical conduct of the plaintiffs' case will thus remain where it belongs—with plaintiffs and their counsel. It is worthy of emphasis that the denial of this motion subsumes the inadmissibility of testimony of plaintiffs' counsel on all matters that are not clearly encompassed by the enumerated exceptions to DR 5–102(A), and plaintiffs' counsel will be precluded from testifying at trial, both in the case in chief and in rebuttal, if objected to by defense, unless within a clear exception to the rule.