**ZIONS FIRST NATIONAL BANK, N. A.**

v.

**UNITED HEALTH CLUBS, INC., Chu Liquidating Corp., Financial Enterprises of America, Inc.**

**UNITED HEALTH CLUBS, INC.**

v.

**ZIONS FIRST NATIONAL BANK, N. A., Chu Liquidating Corp.**

**Civ. A. Nos. 80–2060, 80–3283.**

United States District Court,
E. D. Pennsylvania.

Jan. 12, 1981.

John L. Jenkins, Philadelphia, Pa., for plaintiff.

Robert W. Maris, Philadelphia, Pa., for defendants.

## OPINION

LUONGO, District Judge.

These consolidated civil actions involve a dispute between Zions First National Bank and Financial Enterprises of America (FEA) and its wholly-owned subsidiary United Health Clubs, Inc., over a judgment note and leasehold mortgage held by Zions for a loan made to FEA by Zions. Zions seeks a judgment of foreclosure on the leasehold mortgage it holds on a property occupied by a health spa run by United. United seeks to defend against foreclosure on the ground that the mortgage is invalid because, *inter alia*, Zions violated conditions agreed to in return for execution of the mortgage, and because the lease which is the subject of the mortgage is itself invalid. The related action brought by United is an action to quiet title with respect to Zions' claim to the property. Zions moves to disqualify counsel for United, Robert Maris, Esquire, and the law firm of Dilworth, Paxson, Kalish & Levy, on the ground that one of the lawyers in that firm prepared and recorded the leasehold mortgage and either will or should be called as a witness by one of the parties.

The standard for resolving a motion to disqualify counsel who may be called as a witness is set forth in Disciplinary Rule DR 5–102 of the Code of Professional Responsibility adopted by the Supreme Court of Pennsylvania. *See Freeman v. Kulicke & Soffa Industries, Inc.*, 449 F.Supp. 974 (E.D.

Pa.1978), *affirmed*, 591 F.2d 1334 (3d Cir. 1979); *Kroungold v. Triester*, 521 F.2d 763 (3d Cir. 1975).[1] DR 5–102 addresses both the situation where a lawyer may be called on behalf of his client's interest and where he may be called against his client's interest:

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

 The party seeking to have opposing counsel disqualified has the burden of establishing that counsel's continuing in the case would violate the disciplinary rules. *Freeman, supra,* 449 F.Supp. at 979; *Kroungold, supra,* 521 F.2d at 766. To grant a motion to disqualify without a clear showing that continued representation is impermissible would undermine the integrity of DR 5–102, for it "was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel." Official Notes, Code of Professional Responsibility, American Bar Association, DR 5–102, n.31.

 With respect to DR 5–102(B), Zions has alleged that it will call on its behalf Theodore Young, a lawyer from the Dil-

worth firm in order to introduce documents and correspondence prepared by him, and that his testimony will prejudice United. Zions has not specified in what way United will be prejudiced, and has not submitted any affidavits in support of its contention. In response, United contends that Young's involvement in the transactions which gave rise to this lawsuit was limited to the preparation of a standard leasehold mortgage which he then recorded and forwarded to Zions with the admonition that he could not warrant the validity of the mortgage. United is willing to stipulate that Young prepared and recorded the mortgage and that it is free from technical defects. Beyond that, United maintains, since Young was not involved in any of the negotiations between the parties he can add nothing further to the case and therefore cannot prejudice United's interests.

In *Freeman* and in *Kroungold*, the moving parties made general allegations of prejudice which were disputed by their opponents. In both cases, the district and circuit courts held that unsupported allegations of prejudice disputed by the opposing party could not be a ground for disqualification. Here, Zions has neither specified in what way Young's proposed testimony would prejudice United, nor responded to United's contention that it is unnecessary even to call Young as a witness since United is willing to stipulate to his testimony. Accordingly, Zions has failed to meet its burden as the moving party on the motion to disqualify. *Freeman*, 449 F.Supp. at 979.

With respect to DR 5–102(A), Zions contends that "it is obvious" that Young should be called as a witness on behalf of United and that the Dilworth firm must therefore withdraw from representation. United's response to this contention is the same as its response to Zions' other contention, namely that Young simply prepared and

---

1. At the time these cases were decided, the Local Rules of the Eastern District of Pennsylvania provided that the Code of Professional Responsibility adopted by the American Bar Association would govern questions of attorneys' conduct. Local Rule 11. Effective August 1, 1980, this court adopted the Code of Professional Responsibility set forth by the Supreme Court of Pennsylvania. Local Rule 14, Disciplinary Rule IV. In the instant case the change is one of form rather than substance, since Pennsylvania Rule DR 5–102 tracks *verbatim* the language of the ABA Code.

recorded the leasehold mortgage and can add nothing to the case as a fact witness for either side. United is certainly in the best position to know whether Young's testimony is necessary to its case, and Zions has not made any specific allegations which cast doubt on United's position that it will have no need for Young's testimony. Logically, it is Zions rather than United which has a need for Young's testimony to prove the mortgage, because Zions is the party seeking to enforce the mortgage. By simply making a general allegation, Zions has failed to meet its burden of establishing that Young should be called as a witness by United.

Zions' motion to disqualify counsel will be denied.