**In re EASTERN BANCORPORATION, Debtor.**

**Bankruptcy No. 80–02962G.**

United States Bankruptcy Court, E. D. Pennsylvania.

May 19, 1981.

James A. Hartz, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for the new officers, directors and stockholders of Eastern Bancorporation.

Paul R. Rosen, Spector, Cohen, Gadon & Rosen, P. C., Philadelphia, Pa., for former officers, directors and stockholders of Eastern Bancorporation.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge.

The issues at bench arise out of motions filed by the two litigants in which each seeks to have the other's attorneys disqualified from participation in this case because of predicted violations of Canon 5 of the American Bar Association's Code of Professional Responsibility. We conclude that both motions, based on unproven allegations, should be dismissed.

As yet the case is devoid of any testimony. All that confronts us are the following allegations contained in a series of motions:

On November 12, 1980, the law firm of Fellheimer, Eichen & Goodman, ("the Fellheimer firm") acting on behalf of the purported new officers, directors and stockholders ("the new officers") of Eastern Bancorporation ("EBC"), filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. On November 26, 1980, the law firm of Spector, Cohen, Gadon & Rosen, ("the Spector firm") acting on behalf of the purported former officers, directors and stockholders ("the former officers") of EBC, filed an answer to the petition, seeking its dismissal on the ground that the new officers had illegally executed the stock powers of EBC which had been given as collateral by it to First Pennsylvania Bank, N. A. ("First Pennsylvania") to secure certain loans given by First Pennsylvania to EBC.

On March 10, 1981, the Fellheimer firm, acting on behalf of the new officers, filed a motion to remove and disqualify the Spector firm from appearing in behalf of the former officers and, on April 9, 1981, the Spector firm filed both an answer to the Fellheimer motion and a motion on behalf of the former officers to remove and dis-

qualify the Fellheimer firm from appearing in behalf of the new officers.

On April 21 the Fellheimer firm filed a responsive pleading the purport of which was to assert the attorney-client privilege with respect to most of the allegations in the former officers' motion. For its part, the Spector firm chose to file the affidavit of one Philip M. Comerford, who maintains that he is the president of EBC and that he is satisfied that the testimony of the Spector firm "will be consistent with the factual assertions and accounts set forth by Eastern in this matter," and that he had concluded "that it is in the best interest of Eastern Bancorporation to continue to retain the law firm of Spector Cohen Gadon & Rosen to represent it herein . . ."

■ Canon 5 of the American Bar Association's Code of Professional Responsibility—adopted as the standard of conduct under Local Rule 11 of the United States District Court for the Eastern District of Pennsylvania—states that "A lawyer should exercise independent professional judgment on behalf of a client." In support of the principle enunciated in that canon, Disciplinary Rule 5–102 provides:

DR 5–102  Withdrawal as Counsel When the Lawyer Becomes a Witness.

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

With respect to DR 5–102(A) each party herein asserts that it has no intention of calling any member of its attorneys' law firm as a witness. They further assert that even if they were to call a member of the firm as a witness his testimony would be merely corroborative of the testimony of the other witnesses called by that party.

In interpreting DR 5–102(A), the United States Court of Appeals for the Third Circuit has stated that the phrase "ought to be called as a witness on behalf of his client" means that the attorney is an undispensable witness, i. e., he must have "crucial information in his possession which must be divulged" and which no other witness for the client has. *Universal Athletic Sales Co. v. American Gym, Recreational and Athletic Equipment Corp.*, 546 F.2d 530, 538 n.21 (3d Cir. 1976), *cert. denied* 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977). *See also, Davis v. Stamler*, 494 F.Supp. 339 (D.N.J.1980). In the instant case both parties have asserted that no member of the law firms representing them is an indispensable witness. Therefore, in light of the fact that "an attorney and his client are in the best possible position to determine whether his testimony is in fact indispensable, . . . [they] should be permitted to present their case according to their own best judgment, and if it is their best judgment that they can get by without testimony from counsel," their decision should be respected. *J. D. Pflaumer, Inc. v. United States Department of Justice*, 465 F.Supp. 746, 747–48 (E.D.Pa. 1979). *See also, Kroungold v. Triester*, 521 F.2d 763 (3d Cir. 1975). Consequently, we conclude that neither of the law firms which represent the parties herein need be disqualified under DR 5–102(A).

With respect to the firms' disqualification under DR 5–102(B), we conclude that that Disciplinary Rule also does not require their disqualification in the instant case. Under that rule, representation may continue "until it is apparent that [the attorney's] testimony is or may be prejudicial to his client." Courts have held that the mere allegation that the opposing party's counsel is a potentially adverse witness to his client's interest is insufficient to disqualify that attorney. *See e. g., Kroungold v. Triester, supra; Davis v. Stamler, supra; Harrison v. Keystone Coca-Cola Bottling Co.*, 428 F.Supp. 149 (M.D.Pa.1977). In fact, the District Court for the Eastern District of Pennsylvania has held that, in a motion to disqualify the attorney for the opposing party, "the moving party bears the burden of demonstrating specifically how and as to what issues in the case the prejudice will occur and that the likelihood of prejudice occurring is substantial." *Freeman v. Kulicke & Soffa Industries, Inc.*, 449 F.Supp. 974, 978 (E.D.Pa.1978). In the instant case neither party has presented anything more than the mere allegation, denied by the opposing party, that adverse counsel will be called as a witness and will testify against the interests of its client. Consequently, we conclude that neither party has sustained its burden of establishing that the opposing party's counsel should be disqualified.

If, however, the litigants later produce evidence to support the above allegations or if it becomes apparent at the trial herein that one or both of the law firms should be disqualified, we would consider a renewal of the motions to disqualify in light of the above discussion.