Gilbert Golding, Richard D. Adamson, Curtin and Heefner, Morrisville, Pa., for creditor.

James J. Gillespie, Jr., M. Melvin Shralow, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for debtor.

## In re QUAKERTOWN GLASS CO., INC. t/a Quakerpane, Debtor.

**Bankruptcy No. 84–01263 T.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 7, 1987.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Before the court is Bucks County Bank and Trust's ("bank") motion for disqualification of debtor's counsel. The bank contends that the debtor's counsel's prior representation of the sole shareholders of the debtor corporation should bar counsel from further representation of the debtor pursuant to the Bankruptcy Code and Canons 4, 5 and 9 of the Code of Professional Responsibility. The debtor opposes the bank's motion on the grounds that no real conflict exists and the debtor will suffer great harm if required to change counsel at this late date. We will deny the bank's motion for disqualification of debtor's counsel.

Prior to filing the petition in bankruptcy[1] on behalf of the debtor, Quakertown Glass Co., Inc., ("debtor") the law firm of Fox, Rothschild, O'Brien & Frankel, ("Fox, Rothschild") represented Mrs. Susan Lang ("Mrs. Lang"), Mr. Louis Lang ("Mr. Lang") and the estate of Mr. Lang ("estate") in several matters. Mr. and Mrs. Lang were the sole shareholders of the

---

1. Quakertown Glass Co., Inc. filed a voluntary petition for relief under Chapter 11 on April 18, 1984.

debtor[2] and are personal surities on various loan obligations to the bank. Fox, Rothschild represented the Langs in the following manner:

1. September, 1983, represented Mrs. Lang in a divorce action which was dismissed less than two months after its commencement;

2. September, 1983, represented Mrs. Lang in a petition to appoint a receiver for the corporation to protect it from injury due to Mr. Lang's mental incapacity;

3. December, 1983, prepared a will; and

4. January, 1984, represented Mrs. Lang in her capacity as executrix of Mr. Lang's estate.

The bank contends that these prior representations violate the "disinterested persons" requirement of Section 327(a) of the Bankruptcy Code. We do not agree.

This court views an individual's right to select counsel as a significant right and although Section 327(a)[3,4] requires counsel to be a "disinterested person," Section 101(13)(E) defines "disinterested person" in such a way that Fox, Rothschild would qualify to continue as debtor's counsel. Section 101(13)(E) defines a disinterested person as one who:

(E) does not have an interest materially adverse to the interest of the estate or of any class of ... equity security holder ... for any ... reason.

11 U.S.C. § 101(13)(E). The courts have generally concluded that Section 101(13)(E) "is a guideline for the court to follow in exercising its sound judicial discretion to ensure that persons employed shall have the essential character of independence and disinterestedness which is required." *In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 333 (E.D.Pa.1982). Many courts have held that under Section 101(13)(E), it is not sufficient to merely identify a conflict of interest arising from prior representation but the moving party must demonstrate that the conflict must be materially adverse to the estate, its creditors or security holders. *Cle-Ware Industries, Inc. v. Sokolsky*, 493 F.2d 863 (6th Cir.1974); *In re Guy-Apple Masonry Contractor, Inc.*, 45 B.R. 160, 165 (Bankr.D.Ariz.1984). In *Philadelphia Athletic Club, Inc.*, 20 B.R. at 333, Judge McGlynn found a previous representation caused a materially adverse conflict and disqualified a law firm which had: (1) previously represented a general partner of the partnership in the bankruptcy proceeding; (2) filed a plan of reorganization for the debtors; and (3) objected to a plan filed by another partner, where the law firm was to be appointed counsel for the trustee in the same litigation. The facts in the instant case do not support allegations of materially adverse conflicts of interest. Fox, Rothschild has not represented any party, save the debtor, in this bankruptcy proceeding. Its prior representation of the Langs was totally unrelated to the present litigation. Further, the party that moved for the disqualification in *Philadelphia Athletic* did so within 10 days of the appointment. In the case before us, the bank has conducted and completed discovery and has negotiated with Fox, Rothschild for more than two years in issues pertaining to this bankruptcy before moving for disqualification. We find that Fox, Rothschild's representation of the debtor in this bankruptcy does not violate the Bankruptcy Code.

The bank also contends that Fox, Rothschild's representation of the debtor violates

---

**2.** From its incorporation in 1977 until 1983, all outstanding stock was held by Mr. Lang. In 1983 Mr. Lang was diagnosed as having terminal cancer which caused severe behavioral abnormalities until his death in January 1984. Upon the death of Mr. Lang and pursuant to certain other agreements, Mrs. Lang is now the sole shareholder of the debtor corporation.

**3.** Pursuant to 11 U.S.C. § 1107(a) a debtor-in-possession is granted the ability to employ counsel.

**4.** 11 U.S.C. § 327(a) provides:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate and that are disinterested persons to represent or assist the trustee in carrying out the trustee's duties under this title.

Canons 4, 5 and 9 of the Code of Professional Responsibility. While we acknowledge that federal courts may and do disqualify counsel based on violations of any one of the "three major ethical concepts" embodied in Canons 4, 5 and 9, *Richardson v. Hamilton International Corp.*, 469 F.2d 1382 (3d Cir.1972), cert. den., 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973); *Krebs v. Johns-Mansville Corp.*, 496 F.Supp. 40, 42 (E.D.Pa.1980), we hold that the party seeking to disqualify opposing counsel carries the burden of establishing that counsel's continuing representation would violate the disciplinary rules. See *Kroungold v. Triester*, 521 F.2d 763 (3d Cir.1975); *INA Underwriters Insurance Co. v. Nalibotsky*, 594 F.Supp. 1199, 1208 (E.D.Pa.1984).

Canon 5 requires that an attorney not accept or continue to represent a client which would dilute or adversely affect his loyalty to another client. *Krebs v. Johns-Mansville Corp.*, 496 F.Supp. at 42. Since there is little relationship between the matters handled by Fox, Rothschild for Mrs. Lang in the past and those being handled presently for the debtor and because there has been no complaint from those who would presumably be the parties harmed by a dual representation, we find no violation of Canon 5.

Canon 4 requires a lawyer to preserve the confidences and secrets of a client unless, after full disclosure, the client consents to the information being revealed. The bank has failed to cite an instance where a confidence of the Langs' could be used against them. The bank has not carried its burden of proof hence we find no violation of Canon 4.

Canon 9 requires a lawyer to "avoid even the appearance of professional impropriety." *Philadelphia Athletic Club, Inc.*, 20 B.R. at 335. The courts and the Bar are responsible for maintaining public confidence in the legal system. This concept is the heart of Canon 9. The bank has not offered any showing that Fox, Rothschild's

continuing in this case gives the appearance of impropriety. We believe that by allowing the debtor's counsel to continue in its representation, we are bolstering the public image of the legal system by ensuring a party's right to choose counsel and avoiding the extreme prejudice which would be suffered by the debtor should its counsel be disqualified after two years of loyal and competent representation. We find no violation of Canon 9.

For all of the aforementioned reasons, we will deny Bucks County Bank and Trust Company's motion to disqualify the law firm of Fox, Rothschild, O'Brien & Frankel as counsel to Quakertown Glass Co., Inc.

An appropriate order will follow.