**NET 2 PRESS, INC., Plaintiff**

v.

**58 DIX AVENUE CORPORATION, et al., Defendants**

No. 02–18–P–C.

United States District Court, D. Maine.

Dec. 12, 2002.

Richard L. O'Meara, Barbara L. Goodwin, Murray, Plumb & Murray, Portland, ME, Eric M. Mehnert, Mehnert Law Offices, Bangor, ME, for Net 2 Press Incorporated.

Jeffrey M. White, Pierce, Atwood, Portland, ME, Benjamin R. Pratt, Jr., Bartlett, Pontiff, Stewart & Rhodes, Glens Falls, NY, for 58 Dix Avenue Corporation.

### MEMORANDUM DECISION ON MOTION TO DISQUALIFY COUNSEL

DAVID M. COHEN, United States Magistrate Judge.

The defendants, 58 Dix Avenue Corporation and James Bowen III, move to disqualify Eric Mehnert, Esq., one of three lawyers from two firms who have appeared on behalf of the plaintiff in this action, from representing the plaintiff at trial. They assert that they plan to call Mehnert to testify concerning the events giving rise to this action and that as a result Mehnert is required by Maine Bar Rule 3.5(b)(1) to withdraw as trial counsel. Defendants' Motion to Disqualify Eric Mehnert, Esq. From Acting as Trial Counsel ("Motion") (Docket No. 42) at 6–8. The plaintiff opposes the motion, contending that the defendants have not established that Mehnert's proposed testimony will be necessary to their case or that it will deal with contested matters and that it is willing to stipulate to the substance of the testimony that it anticipates the defendants will elicit from Mehnert. Plaintiff's Objection to Defendants' Motion to Disqualify Eric Mehnert as Trial Counsel, etc. ("Opposition") (Docket No. 44) at 3–10. I grant the motion.

The defendants first asked this court to disqualify Mehnert by letter dated July 17, 2002 during discovery. Order [dated July 23, 2002] (Docket No. 21) at 1. The request at that point in the proceedings was governed by Maine Bar Rule 3.4(g)(1)(i), which requires a lawyer to withdraw from representation if he knows or should know that he is likely or ought to be called as a witness, unless the predictable testimony will relate solely to uncontested matters or legal services furnished by the lawyer, or where the distinctive value of the lawyer in the particular case would make denial a substantial hardship on the client. As I noted at that time,

> Mehnert serves as general counsel to the plaintiff and has served at times as a director, executive vice-president and the employee responsible for human resources for the plaintiff. He also participated in the negotiations and due diligence leading up to the purchase by the plaintiff from the defendants that gives rise to this action.

Order at 2. Because I could not conclude at that time whether Mehnert's likely testimony would relate solely to uncontested matters, I allowed him to continue to represent the plaintiff during discovery, although I limited the manner in which he could ask questions at depositions during discovery. *Id.* at 2, 3. I also concluded that the likely testimony would not relate solely to legal services furnished by Mehnert to the plaintiff and that the plaintiff had not made a sufficient showing that Mehnert's value to it as litigation counsel was so distinctive that it would create a hardship if he were not allowed to proceed in that capacity. *Id.* at 2–3. To the extent that these two determinations remain relevant, the plaintiff has submitted no argument or evidence that would cause me to change either conclusion.

Maine Bar Rule 3.5(b)(1), entitled "Mandatory Withdrawal," provides:

> If a lawyer knows, or should know, that the lawyer or a lawyer in the lawyer's firm is likely or ought to be called as a witness in litigation concerning the subject matter of the lawyer's employment, the lawyer and the lawyer's firm shall withdraw from representation at the trial unless the court otherwise orders. This rule does not apply to situations in which the lawyer would not be precluded from accepting employment under Rule 3.4(g)(1)(ii).

Maine Bar Rule 3.4(g)(1)(ii) provides, in its entirety:

> A lawyer may commence representation in contemplated or pending litigation if another lawyer in the lawyer's firm is likely or ought to be called as a witness, unless

such representation is precluded by subdivisions (b), (c), (d), (e), or (f) of this rule. This rule is not relevant to the present case, because no other lawyer from Mehnert's firm represents the plaintiff.

My review of the parties' submissions leads me to conclude that the matters on which the defendants intend to present Mehnert's testimony are in fact contested. The plaintiff's offer to stipulate to certain carefully-worded characterizations of what it anticipates Mehnert's testimony would be, Opposition at 4, 5–6 & nn. 3 & 4, 7 & n. 5, is not enough to render the subject matter of his anticipated testimony "uncontested." Particularly where, as here, the defendants intend to elicit testimony from Mehnert that conflicts in some details with that of the plaintiff's chief executive officer that has already been submitted to the court, stipulation is not an effective substitute.

The plaintiff argues that the defendants must show that Mehnert's testimony is necessary to their case, in order to prevent the possibility that the defendants have listed Mehnert as a witness merely in order to deprive the plaintiff of its counsel of choice. Opposition at 2. The degree of Mehnert's involvement in the matters giving rise to the plaintiff's claims in this action makes that scenario unlikely, but in any event the concept of necessity is not part of the Maine bar rule. Some of the case law cited by the plaintiff in support of its position comes from jurisdictions in which necessity is an explicit criterion of the applicable bar rule or other critical distinctions appear in the language of the applicable rules. Thus, in *Zions First Nat'l Bank, N.A. v. United Health Clubs, Inc.,* 505 F.Supp. 138, 140 (E.D.Pa.1981), the applicable Pennsylvania rule allowed an attorney who might be called as a witness "other than on behalf of his client" to continue with the representation "until it is apparent that this testimony is or may be prejudicial to his client," and the court held that the party seeking disqualification had not specified the manner in which the proposed testimony would be prejudicial, as was the case in *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.,* 760 F.2d 1045, 1048 (9th Cir.1985) (California rule); in *J.P. Foley & Co. v.*

*Vanderbilt,* 523 F.2d 1357, 1359 (2d Cir.1975), the court held that the deposition testimony of the plaintiff's attorney demonstrated that "his testimony is necessary to the plaintiffs' case and that he 'ought' to appear" despite the plaintiffs' assertions that they would not call him to testify. The absence of any reference to necessity in the Maine rule or in case law interpreting it is significant. *See In re Estate of Waters,* 647 A.2d 1091, 1097 (Del. 1994) (use of phrase "likely to be a necessary witness" in applicable bar rule instead of "ought to be called as a witness" "elevates the burden of proof needed to prevail on a disqualification motion" and "permits the trial court to postpone ruling until it can determine whether another witness can testify"); *LeaseAmerica Corp. v. Stewart,* 19 Kan. App.2d 740, 876 P.2d 184, 187–91 (1994) (discussing different standards).

Some of the testimony which the defendants propose to elicit from Mehnert may fairly be characterized as adverse to the plaintiff's interests, although the degree of that adversity may be disputed. "One of the paradigms for compelled disqualification is when a lawyer/witness will testify against his client. Although there are degrees of adverse testimony, there are few, if any, situations that justify acceptance or [sic] continued employment in this circumstance." *Siguel v. Allstate Life Ins. Co.,* 141 F.R.D. 393, 396 (D.Mass.1992) (citations omitted). Citing *Siguel,* the First Circuit stated in *Ahern v. Scholz,* 85 F.3d 774, 791 (1st Cir. 1996), that the ethical concerns presented when a lawyer testifies on behalf of his client are "just as substantial, if not more" when the lawyer is called to the stand by his client's opponent. *See also State v. Pokorny,* 458 A.2d 1212, 1215 n. 1 (Me.1983).

In addition, the defendants have shown that some of the testimony they propose to elicit from Mehnert is not available from other witnesses; indeed, it appears that other witnesses who may testify about those events will testify differently.

I have no difficulty in reaching the conclusion that the defendants have demonstrated that their anticipated questioning of Mehnert at trial makes it necessary for him to withdraw from representing the plaintiff at trial

pursuant to Rule 3.5(b)(1), based on the extent of his involvement in the underlying events and the extensive presentation of his proposed testimony and its relationship to other expected testimony submitted by the defendants. *See generally Baker v. BP Am., Inc.*, 768 F.Supp. 208, 214 (N.D.Ohio 1991) (disqualifying attorney with significant involvement in events underlying lawsuit and therefore likely to be important witness for several parties whose testimony "might not strictly support his clients' factual contentions" and whose credibility might be in issue); *Hempstead Bank v. Reliance Mortgage Corp.*, 81 A.D.2d 906, 439 N.Y.S.2d 202, 203 (1981) (degree of attorney's involvement in negotiations for note at issue and defendants' statement that they would call him as witness despite plaintiff's stated intent not to do so required disqualification). The plaintiff will continue to be ably represented by the lawyers from a different firm who have also appeared on its behalf throughout this litigation.

Accordingly, I grant that the motion to disqualify Eric Mehnert as trial counsel for the plaintiff.