STATE OF MAINE                    SUPERIOR COURT
CUMBERLAND, ss.                   CIVIL ACTION
                                 DOCKET NO. CV-02-512



WILLIAM J. DONAHUE,

    Plaintiff/Counterclaim Defendant,

    v.                              ORDER ON MOTION TO
                                 DISQUALIFY COUNSEL
JAMES H. BURKE, JR. and
FOREST CITY CHEVROLET,

    Defendants/Counterclaim Plaintiffs/    DONALD L. GARBRECHT
    Third-Party Plaintiffs,                LAW LIBRARY

    v.
                                 AUG 13 2003
ELLEN N. DONAHUE,

    Third-Party Defendant


    This matter is before the court on the motion of the plaintiff to disqualify Robert Kline, Esq., as attorney for the defendants Forest City and James Burke in this action because the defendants have incompatible interests and because he may be a fact witness.

    This case involves claims arising out of the termination of the plaintiff's employment with Forest City by Burke. On the date of the termination, which is in dispute, the plaintiff was the General Manager of and owned a 34% interest in Forest City, and Burke was the majority shareholder.

    "Within the inherent supervisory powers of the court is the discretionary authority to control attorneys. Consequently, motions to disqualify counsel are committed to the court's sound discretion." *Casco Northern Bank v. JBI Assocs., Ltd, et al.*, 667 A.2d 856, 859 (Me.1995)

1

(quoting *Koch v. Koch Indus.*, 798 F. Supp. 1525, 1530 (D.Kan. 1992). "Although the movant has the burden of showing the grounds for disqualification, producing more than 'mere speculation' and sustaining 'a reasonable inference of an ethical violation,' doubts should be resolved in favor of disqualification." *Id.* However, the court is also mindful that

> A motion to disqualify opposing counsel is capable of being abused for tactical purposes, and courts are justifiably wary of this type of strategic maneuvering. If disqualification does not serve the purposes supporting the ethical rules, it can only serve to provide the movant with a brief, tactical advantage, a result that would debase the rules of professional conduct and subvert, not advance, the public interest they serve.

*Casco Northern Bank v. JBI Assocs., Ltd, et al.*, 667 A.2d 856, 859-60 (Me.1995)(quotation omitted).

With respect to the conflict of interest claim, the plaintiff must demonstrate grounds for disqualification sufficient to sustain an inference that an ethical violation has or will occur. *See* M. Bar R. 3.4. Although the standard for disqualification appears to be easily satisfied (i.e., reasonable inference) the Bar Rule provides additional perspective. Bar Rule 3.4(c), addressing simultaneous representation, allows an attorney to represent two clients simultaneously in the same or related matter if the attorney 1) obtains informed consent from both parties, 2) reasonably believes that each client can adequately make informed decisions, 3) reasonably believes that a disinterested lawyer would determine that the risk of inadequate representation is not substantial, and 4) consults with each client during representation concerning the decisions to be made. M. Bar R. 3.4(c)(2). Based upon the foregoing

standard, the record does not sufficiently demonstrate the existence of a conflict of interest. However, this may not be the court's final word on the issue because there is at least the potential for a conflict based upon incompatible interests of the defendants to surface in the course of this litigation. For example, Count VI of the complaint alleges a conversion that may through discovery generate a reasonable inference of the existence of a conflict of interest.

With respect to the claim that Attorney Kline may be a witness in this case, the Bar Rules provide that, "unless the court otherwise orders", an attorney must withdraw from his representation of a client if he knows, or should know, that he is likely to be called as a witness in litigation concerning the subject matter of his employment. *See* M. Bar R. 3.5(b)(1). A lawyer is properly disqualified when he will likely be a witness to provide testimony 1) adverse to his client, and 2) relating to issues only known to the attorney. *Free 2 Press, Inc. v. 58 Dixie Ave, Corp.*, 212 F.R.D. 37, 39 (D.Me.2002)(Cohen , MJ)(hereinafter *"Free 2"*).

The plaintiff argues that because Attorney Kline attended the meeting on July 19, 2002 at which the plaintiff's employment was suspended or terminated, "Kline may well be a witness to events and statements regarding the status of the plaintiff's employment prior to and after July 19, 2002" and, therefore, may not continue to serve as counsel for either defendant. Pl.'s Motion at 10. The defendants counter that Attorney Kline is not a necessary witness. The defendants' argument is unavailing because, as Federal Magistrate Judge Cohen noted in *Free 2*,

the Maine Bar Rules do not require that the lawyer's testimony be necessary. *Id*. at 38-39.

However, that does not end the analysis. There is insufficient support on this record that any testimony by Attorney Kline is likely to be adverse to the defendants. *Id*. The plaintiff merely states that Attorney Kline "may" be called as a witness concerning the meeting and statements regarding the termination issue. Accordingly, the court cannot conclude that Attorney Kline is likely to be called to testify and, if called, that his likely testimony would relate to contested matters or otherwise conflict with the testimony of the defendants or any defense witnesses.

Based upon the foregoing, the court concludes that Attorney Kline is not disqualified from representing the defendants in this action and, pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

Plaintiffs' motion to disqualify Robert Kline, Esq., is DENIED.

Dated: July 10, 2003

_____
Justice, Superior Court

4

JOANNE SIMONELLI ESQ
PO BOX 7799
PORTLAND ME 04112

ROBERT KLINE ESQ
PO BOX 7859
PORTLAND ME 04112

JEFFREY BENNETT ESQ
PO BOX 7799
PORTLAND ME 04112